449 A.2d 741
**COMMONWEALTH of Pennsylvania**
v.
**Edward L. CLIPPER, Appellant.**
Superior Court of Pennsylvania.
Submitted Jan. 28, 1981.
Filed Aug. 20, 1982.

386

Peter T. Campana, Williamsport, for appellant.

Robert F. Banks, First Assistant District Attorney, Williamsport, for Commonwealth, appellee.

Before CAVANAUGH, JOHNSON and LIPEZ, JJ.

LIPEZ, Judge:

This is an appeal from a judgment of sentence for "retail theft, third or subsequent offense," under the Crimes Code, 18 Pa.C.S. § 3929(a)(1) and (b)(1)(IV) (Supp.1982–1983). We agree with defendant's argument that prior convictions for shoplifting under the 1939 Penal Code may not be used to increase the grade of a retail theft offense under 18 Pa.C.S. § 3929(b)(1), and only prior convictions for retail theft under the Crimes Code may be used for this

purpose.[1] Since the Commonwealth here put into evidence only prior convictions for shoplifting under the 1939 Penal Code,[2] we vacate the judgment of sentence and remand for

1. Our decision on this issue obviates consideration of most of defendant's other contentions, including: (1) that use of shoplifting convictions under the 1939 Code to increase the grade of a retail theft offense under 18 Pa.C.S. § 3929(b) would render section 3929(b) unconstitutional as an ex post facto law; (2) that the court below erred in failing to conduct a colloquy on the record to assure that defendant had knowingly and intelligently entered into a stipulation that he had four prior retail theft convictions; (3) that trial counsel was ineffective in advising defendant to enter into the stipulation that he had four prior convictions for retail theft; and (4) that trial counsel was ineffective for failing to assure that the trial court conducted a colloquy to ascertain that defendant had knowingly and intelligently entered the stipulation that he had four prior retail theft convictions.

There is only one remaining issue which we must consider, defendant's after-discovered evidence claim. The court below held a post-verdict evidentiary hearing on this issue, and concluded that, of the four requirements for a new trial based on after-discovered evidence, defendant failed to meet at least two—that the evidence could not have been discovered with reasonable diligence before trial concluded, and that the evidence not be merely corroborative or cumulative. *See Commonwealth v. Valderrama*, 479 Pa. 500, 505, 388 A.2d 1042, 1045 (1978). We agree with the trial judge, and our review of the notes of testimony from the evidentiary hearing convinces us that defendant also failed to meet the requirement that the allegedly after-discovered evidence be likely to compel a contrary result. *See Commonwealth v. Warner*, 277 Pa.Super.Ct. 598, 606, 419 A.2d 1312, 1315 (1980).

2. The Commonwealth established defendant's prior convictions by introducing a stipulation, which was signed by defendant, his counsel and the prosecutor. The stipulation stated:

IT IS HEREBY AGREED AND STIPULATED between the defendant and the Commonwealth that the defendant has four (4) prior convictions for retail theft as follows:

1. May 4, 1972, before District Justice William E. Woods, Harrisburg, Pennsylvania.

2. May 20, 1972, before District Justice William E. Woods, Harrisburg, Pennsylvania.

3. June 8, 1972, before District Justice Joseph F. Pinamonti, Harrisburg, Pennsylvania.

4. August 5, 1972, before District Justice William E. Woods, Harrisburg, Pennsylvania.

While the stipulation states that the prior convictions were for "retail theft," the dates of all four convictions precede the effective date of the Crimes Code, June 6, 1973. The stipulation thus established only shoplifting convictions under the 1939 Penal Code. We also note that nowhere in defendant's extensive arguments concerning this

sentencing on retail theft, first offense, which is a summary offense under 18 Pa.C.S. § 3929(b)(1)(I) (Supp.1982–1983).

Section 816.1(a) of the 1939 Penal Code defined the offense of shoplifting and set the penalty therefor as follows:

Whoever shall willfully take possession of any goods, wares or merchandise offered for sale or exhibited by any person with the intention of converting the same to his own use without paying the purchase price thereof, or with the intention of depriving the owner of the possession thereof without his consent, shall be guilty of shoplifting, and, upon conviction thereof in a summary proceeding, shall be sentenced to pay a fine of not less than twenty-five dollars ($25) and not more than five hundred dollars ($500), or to undergo imprisonment of not less than five (5) days and not more than ninety (90) days, or both.

Act of June 24, 1939, P.L. 872, § 816.1(a), 18 P.S. § 4816.1(a) *as amended.* (Appendix to 18 Pa.C.S.).

When the Crimes Code was passed in 1972 (with an effective date of June 6, 1973), "shoplifting" was supplanted by the offense of "retail theft" in 18 Pa.C.S. § 3929. After defining retail theft in section 3929(a), subsection (b) provided for determining the grade of the offense as follows:

(1) Any person committing the first offense of retail theft when the value of the merchandise is less than $100 is guilty of a summary offense.

(2) Upon conviction of a second offense when the value of the merchandise is less than $100, the person shall be guilty of a misdemeanor of the second degree.

(3) Upon commission of a third or any subsequent offense, regardless of the value of the merchandise, the person shall be guilty of a misdemeanor of the first degree.

stipulation, *see* note 1, *supra*, does he contend that it was error to inform the jury of the stipulation, *see Commonwealth v. Coleman*, 289 Pa.Super.Ct. 221, 433 A.2d 36 (1981), *petition for allowance of appeal denied*, and we have accordingly not decided that issue.

(4) When the value of the merchandise shall be $100 or more, any person who shall commit the offense of retail theft whether same shall be a first or subsequent offense, shall be guilty of a misdemeanor of the first degree.

18 Pa.C.S. § 3929(b). The 1976 revisions to section 3929 included a new subsection (b), which states:

(1) Retail theft constitutes a:

(I) Summary offense when the offense is a first offense and the value of the merchandise is less than $150.

(II) Misdemeanor of the second degree when the offense is a second offense and the value of the merchandise is less than $150.

(III) Misdemeanor of the first degree when the offense is a first or second offense and the value of the merchandise is $150 or more.

(IV) Felony of the third degree when the offense is a third of subsequent offense, regardless of the value of the merchandise.

(2) Amounts involved in retail thefts committed pursuant to one scheme or course of conduct, whether from the same store or retail mercantile establishment or several stores or retail mercantile establishments, may be aggregated in determining the grade of the offense.

18 Pa.C.S. § 3929(b) (Supp.1982–1983).

It is the latter version of section 3929(b) which is applicable here, but because both versions refer only to "retail theft" and not "shoplifting," they both create the problem outlined in a law review article shortly after passage of the Crimes Code:

Unanswered are the problems of recidivists, convicted of shoplifting under the 1939 Penal Code or arrested and not yet convicted of retail theft under the Crimes Code. It has been argued that one starts "anew" under the Crimes Code. Thus, a three or four time convicted shoplifter could only be charged with the summary retail theft provision for any new arrest after June 6, 1973.

Belsky, Dougherty and Goldblatt, Three Prosecutors Look at the New Pennsylvania Crimes Code, 12 Duq.L.Rev. 793, 798 (1974).

The argument that shoplifting convictions under the 1939 Penal Code are inapplicable to section 3929(b) of the Crimes Code was rejected in the one lower court opinion which dealt with the issue, reasoning as follows:

> Both acts prohibit the theft of merchandise, both require an intention to convert to one's own use and both require that the actor intend not to pay the purchase price or full value thereof.
>
> Nor is it fatal to the prosecution that the first offense occurred prior to the enactment of the Crimes Code. In 24B C.J.S. 1960(5) it is said: "... in order to authorize the infliction of a more severe penalty on conviction for a second or a subsequent offense, it is not necessary that the first conviction ... should have occurred subsequent to the enactment of the statute or the amendment thereof." *People v. Hightower*, [414 Ill. 537] 112 N.E.2d 126, cert. den. 346 U.S. 875, [74 S.Ct. 128, 98 L.Ed. 383]; *Com. v. Warner*, 87 D. & C. 91 [1953].

*Commonwealth v. Shade*, 66 Lanc.L.Rev. 191, 192; 7 D. & C.3d 240, 242 (1977).

We disagree with the reasoning of the court in *Shade*. Admittedly, we have little guidance on the question, because of the sparse legislative history of section 3929. *See Commonwealth v. Coleman*, 289 Pa.Super.Ct. 221, 227, 433 A.2d 36, 39 (1981), *petition for allowance of appeal denied.* "Since we have not had occasion in the past to definitely construe its provisions, we look for guidance to certain fundamental principles of statutory construction: first, that the legislature is not presumed to have intended an absurd or unreasonable result; second, that good sense and practical utility are always to be considered; and third, that statutes should receive the most reasonable and sensible construction possible." *Id.* (citations omitted). Keeping

these principles in mind, we do not believe that the *Shade* court was correct in inferring a legislative intent to include shoplifting under the 1939 Penal Code within the meaning of "retail theft" in section 3929(b) from the similarity in elements in the two definitions.[3]

Section 3929 of the Crimes Code was a comprehensive effort to respond to the concerns of the Pennsylvania Retailers' Association about the ineffectiveness of shoplifting prosecution under the 1939 Penal Code, and is patterned after the Retailers' Association's own proposed retail theft legislation. Belsky, Dougherty and Goldblatt, *supra*, 12 Duq.L. Rev. at 797 & n.30; see S. Toll, Pennsylvania Crimes Code Annotated, § 3929, Reporter's Comment, at 456 (1974); Comment, Theft and Related Offenses in the New Pennsylvania Crimes Code: A New Concept in Property Offenses, 78 Dick.L.Rev. 44, 47–48, n.22 (1973). To deal with the Retailers' Association's concerns, section 3929 created a new offense of "retail theft," expanding the crime of shoplifting as defined in the 1939 Code. 18 Pa.C.S. § 3929(a); *see* Belsky, Dougherty and Goldblatt, *supra*, 12 Duq.L.Rev. at 797 & n.31.

The legislature in enacting section 3929, as well as the draftsmen of the proposed legislation on which it is based, must have been thoroughly aware that they were using this new statutory term, "retail theft," throughout this section, which was designed to cure some of the problems of shoplifting prosecution under the 1939 Code. Since the most serious of these problems was lack of effective punishment, *see* Belsky, Dougherty and Goldblatt, *supra*, 12 Duq.L.Rev. at 797, they must have been most acutely aware of it with respect to the important changes wrought by subsection (b), which increased the grade of the offense based on the

3. We do not discuss the reasoning and authorities in the second quoted paragraph from the *Shade* opinion, because they deal only with whether the legislature constitutionally could include convictions which occurred prior to the enactment of a recidivist statute, a question we do not reach because of our construction of the retail theft statute. *See* note 1, *supra*.

number of prior offenses and the amount involved, in order to decrease recidivism and emphasize property protection. *See* Comment, *supra*, 74 Dick.L.Rev. at 47–48, n.22.

Had shoplifting convictions under the 1939 Code been intended to be included under section 3929(b), it would have been an extremely simple matter to mention them explicitly. Moreover, when the legislature enacted the 1976 amendments to section 3929, including a further expansion of the definition in subsection (a) and an amended subsection (b), there was still no mention of 1939 Code shoplifting offenses and the new subsection (b) still referred only to "retail theft." We must therefore conclude that only prior retail theft convictions under the Crimes Code were intended to increase the grade of a retail theft offense under section 3929(b).[4] Since in this case only prior shoplifting offenses under the 1939 Penal Code were introduced to increase the grade of defendant's offense, we must vacate his judgment of sentence for "retail theft, third offense," and remand for resentencing on retail theft as a summary offense under 18 Pa.C.S. § 3929(b)(1)(I) (Supp.1982–83). *See Commonwealth v. Campbell*, 273 Pa.Super.Ct. 407, 409, 417 A.2d 712, 714 (1980).

Judgment of sentence vacated and case remanded for resentencing in accordance with this opinion.

4. Even construing the statute as favorably as possible to the Commonwealth, the most we could say is that the construction urged by the Commonwealth is equally as reasonable as ours. In that event, the rule of strict construction of penal statutes would require us to reach the same conclusion. 1 Pa.C.S. § 1928(b)(1) (Supp. Pamphlet 1964 to 1981); *see Commonwealth v. Hill*, 481 Pa. 37, 42, n.6 391 A.2d 1303, 1306 n.6 (1978); *Commonwealth v. Darush*, 256 Pa.Super.Ct. 344, 348, 389 A.2d 1156, 1158 (1978); *Commonwealth v. Teada*, 235 Pa.Super.Ct. 438, 444, 344 A.2d 682, 684–85 (1975); *see also Commonwealth v. Broughton*, 257 Pa.Super.Ct. 369, 377, 390 A.2d 1282, 1286 (1978); *Commonwealth v. Cluck*, 252 Pa.Super.Ct. 228, 237–38, 381 A.2d 472, 477 (1977); *Commonwealth v. Cunningham*, 248 Pa.Super.Ct. 219, 222, 375 A.2d 66, 67 (1977).