668 A.2d 552

COMMONWEALTH of Pennsylvania, Appellee,

v.

Darnella GIBSON, a/k/a Tasha Davis, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 19, 1995.

Filed Dec. 6, 1995.

Timothy J. O'Connell, Harrisburg, for appellant.

Richard E. Guida, Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before POPOVICH, SAYLOR and BROSKY, JJ.

POPOVICH, Judge.

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Dauphin County, following appellant's conviction on one count of criminal conspiracy to commit retail theft. In this case of first impression, we are asked to determine whether appellant's sentence for criminal conspiracy which was enhanced pursuant to 18 Pa.C.S.A. § 3929(b)(1)(iv), was legal where the Commonwealth failed to allege appellant's prior retail theft convictions in the informa-

tion. Appellant also claims that the evidence was insufficient to sustain her conviction. While we find that the evidence was sufficient, we agree with appellant that her sentence is illegal, and we remand for resentencing.

"The test of the sufficiency of the evidence in a criminal case is whether, viewing the evidence admitted at trial in the light most favorable to the Commonwealth and drawing all reasonable inferences in the Commonwealth's favor, there is sufficient evidence to enable the trier of fact to find every element of the [crime] charged beyond a reasonable doubt." *Commonwealth v. Carter,* 329 Pa.Super. 490, 495, 478 A.2d 1286, 1288; *Commonwealth v. Peduzzi,* 338 Pa.Super. 551, 554–556, 488 A.2d 29, 31–32 (1985).

Applying the afore-mentioned standard, we find that the record reveals the following facts: During the early afternoon hours of March 14, 1994, appellant and Wendall Murray were in the GAP clothing store at the Harrisburg East Mall. When store manager Mia Farrell asked appellant and Murray if they needed any assistance, they declined and walked to the back of the store. Ms. Farrell later suspected the two might be shoplifting because appellant and Murray remained in the back of the store for an extended period of time.

Later, Ms. Farrell again approached appellant and Murray and asked if they needed assistance, and appellant declined again. Nevertheless, Ms. Farrell attempted to show appellant and Murray some clothing, and Murray then stated that he was looking for an orange sweatshirt. Ms. Farrell directed him to the front of the store where that product was located. As Ms. Farrell attempted to escort them to the front of the store, both appellant and Murray attempted to remain behind Ms. Farrell. While headed to the front of the store, Ms. Farrell overheard appellant tell Murray that Ms. Farrell was "on to them." See, Trial Transcript, p. 11.

After appellant's warning to Murray, Ms. Farrell noticed that Murray had a large bulge under the back of his jacket, and she asked appellant and Murray "if they would like to pay for those items?" Appellant and Murray responded that they

136

did not have any merchandise and then immediately ran from the store and mall. Appellant and Murray were pursued by two off-duty police officers who were working as security guards for the Hess store at the mall. Appellant and Murray then fled from the mall parking lot in Murray's car, and the two were subsequently arrested by the Susquehanna Township police. Appellant and Murray possessed two pairs of black jeans and three sweat shirts from the GAP store at the time of their arrest.

Herein, appellant contends that her mere presence with Murray during the theft is insufficient to sustain her conspiracy conviction. In the case of *Commonwealth v. Tillery,* 417 Pa.Super. 26, 29–31, 611 A.2d 1245, 1247–1248 (1992), *appeal denied,* 532 Pa. 663, 616 A.2d 984, we address the same issue as follows:

In the present case, appellant was convicted of conspiracy to commit retail theft. The crime of conspiracy is set forth in 18 Pa.C.S. § 903, which states:

(a) *Definition of conspiracy.*—A person is guilty of conspiracy with another person or persons to commit a crime if with the interest of promoting or facilitating its commission he:

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

 We stated previously:

"The essence of criminal conspiracy is a common understanding, no matter how it came into being, that a particular criminal objective be accomplished." *Commonwealth v. Carter,* 272 Pa.Superior Ct. 411, 416 A.2d 523 (1979); *Commonwealth v. Anderson,* [265 Pa.Super. 494, 402 A.2d 546 (1979) ]. By its very nature, the crime of conspiracy is frequently not susceptible of proof except by circum-

stantial evidence. *Commonwealth v. Carter, supra, Commonwealth v. Kwatkoski,* 267 Pa.Superior Ct. 401, 406 A.2d 1102 (1979). And although a conspiracy cannot be based upon mere suspicion or conjecture, *Commonwealth v. Anderson, supra,* a conspiracy "may be inferentially established by showing the relationship, conduct or circumstances of the parties, and the overt acts on the part of the co-conspirators have uniformly been held competent to prove that a corrupt confederation has in fact formed." *Commonwealth v. Carter, supra,* quoting *Commonwealth v. Horvath,* 187 Pa.Superior Ct. 206, 211, 144 A.2d 489, 492 (1958).

*Commonwealth v. Volk,* 298 Pa.Super. 294, 300–01, 444 A.2d 1182, 1185 (1982); *see also Commonwealth v. Lanager,* 360 Pa.Super. 578, 521 A.2d 53 (1987); *Commonwealth v. Ford,* 315 Pa.Super. 281, 461 A.2d 1281 (1983); *Commonwealth v. Lamb,* 309 Pa.Super. 415, 455 A.2d 678 (1983).

Among the circumstances which are relevant, but not sufficient by themselves, to prove a corrupt confederation are: (1) an association between alleged conspirators; (2) knowledge of the commission of the crime; (3) presence at the scene of the crime; and (4) in some situations, participation in the object of the conspiracy. The presence of such circumstances may furnish a web of evidence linking an accused to an alleged conspiracy beyond a reasonable doubt when viewed in conjunction with each other and in the context in which they occurred. . . .

*Commonwealth v. Olds,* 322 Pa.Super. 442, 447–48, 469 A.2d 1072, 1075 (1983), quoting *Commonwealth v. Lamb, supra, see also Commonwealth v. Grekis,* [411 Pa.Super. 494, 601 A.2d 1275 (1992) ] *supra.*

■ In the present case, it was established that appellant and Murray entered the store together and remained together throughout the entire criminal episode. Appellant was overheard telling Murray that Ms. Farrell was "on to them." When confronted about the theft, appellant and Murray fled the store together and drove away together in Murray's car. When arrested by the police, appellant and Murray possessed

five articles of clothing from the GAP store. We are convinced such evidence was more than sufficient to sustain appellant's conviction for conspiracy to commit retail theft. Circumstantial evidence clearly established that appellant knew Murray had secreted the clothing under his coat, and she assisted Murray in his attempt to avoid apprehension. *Cf., Tillery, supra* (evidence was sufficient to sustain conviction for conspiracy to commit retail theft; defendant and nephew acted in concert, defendant had knowledge of commission of crime since he viewed it, defendant was present at scene, and he participated in his nephew's actions by driving the getaway car).

■ Next, appellant contends her sentence is illegal. Appellant argues that pursuant to *Commonwealth v. Longo,* 269 Pa.Super. 502, 410 A.2d 368 (1979), the Commonwealth needed to set forth her prior convictions for retail theft in the criminal information in order to permit the court to impose an enhanced sentence under 18 Pa.C.S.A. § 3929(b)(1)(iv), which provides that "Retail theft constitutes a ... [f]elony of the third degree when the offense is a third or subsequent offense, regardless of the value of the merchandise." On the other hand, the lower court held that the Commonwealth did not need to allege appellant's prior convictions for retail theft in the information to impose the enhanced sentence since appellant was actually convicted of criminal conspiracy, 18 Pa.C.S.A. § 903, not retail theft graded as a felony of the third degree, 18 Pa.C.S.A. § 3929(b)(1)(iv).

Central to resolution of this issue is 18 Pa.C.S.A. § 905(a) which, in pertinent part, provides that "conspiracy [is a crime] of the same grade and degree as the most serious offense which is ... an object of the conspiracy." Thus, we are presented with the question of whether appellant's conspiracy to commit retail theft conviction should have been graded as a felony of the third degree under 18 Pa.C.S.A. § 3929(b)(1)(iv).

■ Clearly, if appellant had been charged with retail theft rather than criminal conspiracy, her crime could *not* have been graded as a felony of the third degree since the Common-

wealth failed to aver appellant's prior retail theft convictions in the information or indictment. *Commonwealth v. Herstine,* 264 Pa.Super. 414, 416, 399 A.2d 1118, 1119 (1979); *Longo, supra; see also, Commonwealth v. Moses,* 441 Pa. 145, 271 A.2d 339 (1970). As we have previously noted, a "recidivist statute" (like that of retail theft) conditions the imposition of an enhanced sentence upon an indictment or information containing averments of prior convictions. *Herstine, supra.* The rationale being, "[s]ince a second [or third] offense [under the retail theft statute] carries a greater penalty than a first offense, it 'is different in kind and character from a first offense.' Hence, an indictment [or information] must plead the particular characteristics which distinguish it from the first offense." *Herstine,* 399 A.2d at 1119 (Citations omitted).

■ While the evidence of prior offenses are not substantive elements of the crime of retail theft and need not be proven until the sentencing phase of the proceedings, *Commonwealth v. Harvin,* 346 Pa.Super. 575, 581, 500 A.2d 98, 101 (1985), citing *Commonwealth v. Coleman,* 289 Pa.Super. 221, 433 A.2d 36 (1981), the information must contain allegations of two or more prior conviction for retail theft to put the defendant on notice that she may be sentenced for a felony of the third degree. *Harvin,* 500 A.2d at 101; *Longo, supra.*

Since the penalty for a conspiracy conviction was based upon the grade of the underlying offense of retail theft, we hold that the Commonwealth was required to aver appellant's prior retail theft convictions in the information in order to empower the lower court with the authority to enhance her sentence. Since the Commonwealth did not plead appellant's prior convictions she was *not* put on legal notice that, if convicted, she could be sentenced for a felony of the third degree. *Cf., Harvin, supra* (Commonwealth must aver prior convictions for retail theft in information in order to enhance sentence).

While we recognize that appellant was actually charged with criminal conspiracy and not retail theft, we do not agree with the lower court's conclusion that *Longo, supra,* and its proge-

ny are inapposite. Rather, this is a distinction without a difference because the penalty for conspiracy is based entirely upon the grade of the underlying offense. 18 Pa.C.S.A. § 905. We see no reason why the Commonwealth should be permitted to avoid providing appellant with proper notice of the grading of the crime charged when she is charged with conspiracy rather than its underlying crime. In this case, the criminal conspiracy statute was applied as a "recidivist statute" without the Commonwealth providing the appropriate notice of the correct, *enhanced* grading of the offense. Thus, appellant's sentence is illegal. Accordingly, we vacate appellant's sentence and remand for imposition of sentence pursuant to 18 Pa.C.S.A. § 3929(b)(1)(i).[1]

Judgment of sentence reversed, and case remanded for resentencing. Jurisdiction relinquished.

---

1. The Commonwealth did not allege the value of the stolen goods in the information or criminal complaint. Thus, we must assume the value of those good were less than $150.00, and the correct grade of the crime is a summary offense under 18 Pa.C.S.A. § 3929(b)(1)(i). *See, Commonwealth v. Dodge,* 410 Pa.Super. 189, 599 A.2d 668, 672 (1991); *Commonwealth v. Campbell,* 273 Pa.Super. 407, 417 A.2d 712 (1980).