**COMMONWEALTH of Pennsylvania,**
**Appellant**

v.

**Carol Lee GRAEFF, Appellee.**

Superior Court of Pennsylvania.

Submitted Oct. 4, 2010.

Filed Jan. 24, 2011.

Alisa R. Hobart, Assistant District Attorney, Reading, for Commonwealth, appellant.

Christopher M. Brett, Public Defender, Eric J. Taylor, Public Defender, Reading, for appellee.

BEFORE: ALLEN, LAZARUS, and OTT, JJ.

OPINION BY LAZARUS, J.:

The Commonwealth appeals from the judgment of sentence imposed in the Court of Common Pleas of Berks County, following Appellee, Carol Lee Graeff's ("Graeff"), plea of guilt to retail theft.[1] After careful review, we affirm.

On July 26, 2009, Graeff stole items from a retail store valued at $129.19. Po-

---

1. 18 Pa.C.S.A. § 3929(a)(1).

lice arrested Graeff and charged her with retail theft. The Commonwealth graded it as a second offense, second-degree misdemeanor because Graeff was already participating in an Accelerated Rehabilitative Disposition ("ARD") program as a result of a previous retail theft arrest in an unrelated case.[2]

On February 17, 2010, Graeff filed a motion to reduce the grading to a first-time summary offense. On March 3, 2010, Graeff entered an open plea to the July 2009 retail theft. Before sentencing Graeff, the court addressed her motion. The Commonwealth argued that Graeff's ARD participation constituted a first offense under the statute because Graeff had agreed to the following language in the March 2009 ARD order: "If you are charged with Retail Theft, participation in the ARD Program shall count as a prior conviction for sentencing purposes in any subsequent arrest for Retail Theft." *See* ARD Order, 3/4/2009, Ex. C-2. The Commonwealth also cited Condition 9 of the ARD acknowledgment and acceptance form that Graeff had signed, which provided: "If you are again charged with Retail Theft, participation in the ARD program shall count as a prior conviction for grading purposes in any subsequent arrest for Retail Theft." [3]

The court concluded that without statutory authorization, Graeff's ARD participation could not count as an offense for purposes of grading this retail theft conviction, regardless of the language contained in the ARD order and the ARD program's terms and conditions. *See* N.T. Sentenc-

ing, 3/3/2010, at 12. Thus, the court graded her retail theft conviction as a first-time summary offense, and sentenced her to pay a fine of $300.00. The Commonwealth timely filed this appeal on March 31, 2010, raising the following issue for our review:

DID THE TRIAL COURT ENTER AN ILLEGAL SENTENCE BY GRADING GRAEFF'S RETAIL THEFT CONVICTION AS A SUMMARY OFFENSE RATHER THAN A MISDEMEANOR OF THE SECOND-DEGREE?

Commonwealth's Brief, at 4.

█ The Commonwealth argues the court erred in grading Graeff's current retail theft offense as her first offense and illegally sentenced her consistent with a summary offense. The Commonwealth contends that the retail theft statute is silent as to the meaning of the term "offense" and that the March 2009 ARD order and the ARD program's terms and conditions supplied its meaning to include ARD participation. Therefore, the Commonwealth maintains this offense should be graded as a second offense, second-degree misdemeanor. We disagree.

█ A claim that the court improperly graded an offense for sentencing purposes implicates the legality of a sentence. *Commonwealth v. Sanchez*, 848 A.2d 977, 986 (Pa.Super.2004). A challenge to the legality of a sentence may be raised as a matter of right, is not subject to waiver, and may be entertained as long as the reviewing court has jurisdiction. *Com-*

---

**2.** The March 4, 2009 ARD order provided for a 24-month ARD program. ARD Order, 3/4/2009, Ex. C-2. According to the trial court, on March 30, 2010, Graeff's ARD was terminated. When the trial court issued its opinion on June 24, 2010, the case was still open. *See* Trial Court Opinion, 6/24/2010, at 1.

**3.** *See* Ex. C-1, dated 3/4/2009, "Defendant's Acknowledgment and Acceptance of Alternative Rehabilitative Disposition Rules and Conditions Related to Retail Theft." This form consisted of 12 ARD rules and conditions required for Graeff's acceptance into the ARD program.

*monwealth v. Foster*, 960 A.2d 160, 163 (Pa.Super.2008). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. We can raise and review an illegal sentence sua sponte." *Commonwealth v. Muhammed*, 992 A.2d 897, 903 (Pa.Super.2010) (citations omitted). When we address the legality of a sentence, our standard of review is plenary and is limited to determining whether the trial court erred as a matter of law. *Commonwealth v. Johnson*, 910 A.2d 60, 66 (Pa.Super.2006).

The retail theft statute provides, in pertinent part:

### § 3929. Retail theft.

(a) Offense defined.—A person is guilty of a retail theft if he:

(1) takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof;

. . .

(b) GRADING.—

(1) Retail theft constitutes a:

(i) Summary offense when the offense is a *first offense* and the value of the merchandise is less than $150.

(ii) Misdemeanor of the second degree when the offense is a *second offense* and the value of the merchandise is less than $150.

(iii) Misdemeanor of the first degree when the offense is a first or second offense and the value of the merchandise is $150 or more.

(iv) Felony of the third degree when the offense is a *third or subsequent offense*, regardless of the value of the merchandise.

(v) Felony of the third degree when the amount involved exceeds $2,000 or if the merchandise involved is a firearm or a motor vehicle.

18 Pa.C.S.A. § 3929(a)(1) and (b)(1) (emphasis added).[4]

▪ Because we agree that the statute fails to define the term "offense," disposition of the Commonwealth's appeal requires our interpretation and application of section 3929(b), for which our standard of review is plenary. *Commonwealth v. Baird*, 856 A.2d 114, 115 (Pa.Super.2004). "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S.A. § 1921(a); *Commonwealth v. Cox*, 603 Pa. 223, 983 A.2d 666, 703 (2009). When the "language of a statute is clear and unambiguous, the judiciary must read its provisions in accordance with their plain meaning and common usage" unless "the words and phrases have acquired a peculiar and appropriate meaning." *Commonwealth v. Jarowecki*, 604 Pa. 242, 985 A.2d 955, 959 (2009) (internal quotations omitted); 1 Pa.C.S.A. § 1903(a).[5] Criminal statutes are to be

---

**4.** The statute contains other sections that are not at issue.

**5.** When the words of the statute are not explicit, the legislature's intention may be ascertained by considering: (1) the occasion and necessity for the statute; (2) the circumstances under which it was enacted; (3) the mischief to be remedied; (4) the object to be attained; (5) the former law, if any, including other statutes upon the same or similar subjects; (6) the consequences of a particular interpretation; (7) the contemporaneous legislative history; and (8) legislative and administrative interpretations of such statute. 1 Pa.C.S.A. § 1921(c).

strictly construed, and any ambiguity must be interpreted in favor of the defendant. *Commonwealth v. Shiffler*, 583 Pa. 478, 879 A.2d 185, 189 (2005). "A court may not achieve an acceptable construction of a penal statute by reading into the statute terms that broaden its scope." *Commonwealth v. Booth*, 564 Pa. 228, 766 A.2d 843, 846 (2001); 1 Pa.C.S.A. § 1928(b)(1).

Pennsylvania's retail theft statute is a recidivist statute, as it references first, second, third and subsequent offenses, and makes subsequent offenses subject to greater punishment. *Jarowecki*, 985 A.2d at 964 (stating references in our criminal law to second or subsequent offense indicative of recidivist philosophy); *Commonwealth v. Gibson*, 447 Pa.Super. 132, 668 A.2d 552, 556 (1995) (noting retail theft statute a recidivist statute); *Commonwealth v. Clipper*, 303 Pa.Super. 385, 449 A.2d 741, 744 (1982) (same); *Commonwealth v. Campbell*, 273 Pa.Super. 407, 417 A.2d 712, 713 (1980) (same); *Commonwealth v. Herstine*, 264 Pa.Super. 414, 399 A.2d 1118, 1119 (1979). "[R]ecidivist legislation attempts to encourage offenders to stay out of trouble and punishes recidivists who refuse to be deterred even after a conviction." *Commonwealth v. Eyster*, 401 Pa.Super. 477, 585 A.2d 1027, 1031 (1991). "In cases of recidivism, we expect the following sequence of events: first offense, first conviction, first sentencing, second offense, second conviction, second sentencing." *Commonwealth v. Dickerson*, 533 Pa. 294, 621 A.2d 990, 992 (1993).

In *Jarowecki*, the Pennsylvania Supreme Court interpreted 18 Pa.C.S.A. § 6312, a similarly-worded recidivist statute. Defendant was charged with and convicted of eight counts of possession of child pornography under 18 Pa.C.S.A. § 6312(d). Section 6312(d)(2) provided that any person who possesses child pornography "commits an offense," for which a "first offense" is a third-degree felony and a "second or subsequent offense" is a second-degree felony. *See id.* The trial court graded counts 2 through 8 as "second offenses," due to Jarowecki's simultaneous conviction at count 1 (which the court considered his "first offense"). *Id.* at 958. Defendant challenged the grading of these counts and argued that his sentence was illegal. *Id.*

The *Jarowecki* Court concluded that the trial court erred in grading counts 2 through 8 as second offense, second-degree felonies, rather than first offense, third-degree felonies. *Id.* at 956, 968. The Court expounded upon the recidivist philosophy underlying section 6312(d), and reasoned that: "*It cannot legally be known that an offense has been committed until there has been a* **conviction**. *A second offense, as used in criminal statutes, is one that has been committed after* **conviction** *for a first offense.*" *Jarowecki*, 985 A.2d at 968 (emphasis added), *citing Deal v. United States*, 508 U.S. 129, 135, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993), *quoting Gonzalez v. United States*, 224 F.2d 431, 434 (1st Cir.1955); *see also Commonwealth v. McDermott*, 224 Pa. 363, 73 A. 427, 428 (Pa.1909) (second offense not committed in law until there has been judgment for first; when statute makes second offense subject to greater punishment than first, it is always implied that second offense must be committed after conviction for first offense).

In *Clipper, supra,* the Commonwealth graded defendant's retail theft offense as his third, based on prior shoplifting convictions under the 1939 Penal Code. 449 A.2d at 741. On appeal, this Court was asked to determine whether shoplifting convictions under the Penal Code could be used to increase the grade of a retail theft offense under 18 Pa.C.S.A. § 3929(b). The *Clipper* Court examined the retail theft

statute's "sparse" legislative history, noted its recidivist design, and held that the legislature did not intend for shoplifting convictions under the Penal Code to increase the grading of retail theft offenses under section 3929(b), *and* intended only for "retail theft *convictions* under the Crimes Code" to do so. *Id.* at 744 (emphasis added).

Thus, while we agree with the Commonwealth that section 3929(b) is silent as to the meaning of the term "offense," it follows from *Clipper* and *Jarowecki* that the legislature intended for only retail theft *convictions* to enhance the grading of retail theft offenses under section 3929(b). In other words, for purposes of grading retail theft offenses, the court must determine how many prior retail theft convictions for the offense are on record. *Clipper, supra.* Indeed, even the language contained in the ARD order and the ARD program's terms and conditions implicitly recognize that retail theft *convictions* are required to trigger the grading enhancements found in the statute. The ARD order and the ARD program's terms and conditions, together, call for Graeff's participation in ARD to count as a prior retail theft conviction, not offense, upon grading and sentencing for a subsequent retail theft arrest. *See* ARD Order, 3/4/2009, Ex. C–2; Alternative Rehabilitative Disposition Rules and Conditions, 3/4/2009, Ex. C–1.

ARD, however, is a preliminary disposition, which delays the criminal proceeding and with it, a potential finding of guilt. The hope and presumption is that a defendant completes the ARD program and that the charge or charges will be dismissed. *Commonwealth v. Lutz,* 508 Pa. 297, 495 A.2d 928, 931 (1985). It is not until or unless ARD is revoked that the Commonwealth may resume prosecuting the defendant. *Id.* ARD is, therefore, wholly inconsistent with the concept of a conviction, which by its definition, requires judgment on a plea or a verdict of guilty. *See McDermott,* 73 A. at 428; *Commonwealth v. Becker,* 366 Pa.Super. 54, 530 A.2d 888, 891 (1987) ("[W]hen the word conviction appears in a statute, it is usually taken to mean the ascertainment of the guilt of the accused and judgment thereon by the court.") (internal quotations and citations omitted); 18 Pa.C.S.A. § 109(3) (prosecution barred by former prosecution for same offense) ("There is a conviction if the prosecution resulted in a judgment of conviction which has not been reversed or vacated, a verdict of guilty which has not been set aside and which is capable of supporting a judgment, or a plea of guilty accepted by the court.").

Had the legislature intended to define offense to include dispositions other than convictions for grading purposes under section 3929(b), it could have done so. In certain sections of the Vehicle Code and the Crimes Code, the legislature has expressly directed that pretrial dispositions like ARD be included in the calculation of prior offenses for grading purposes. *See* 75 Pa.C.S.A. § 3806(b) (DUI) (calculation of prior offenses for purposes of sections 1553(d.2), 3803, and 3804 include any conviction, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition); 75 Pa. C.S.A. § 1542(c) (habitual motorist offender statute) (acceptance of accelerated rehabilitative disposition for any offense enumerated in 1542(b) considered offense for purposes of this section); 18 Pa.C.S.A. § 6307(d)(2) (misrepresentation of age to secure liquor or malt or brewed beverages) (use of preadjudication disposition considered first or subsequent offense, whichever is applicable, for purpose of further adjudication); 18 Pa.C.S.A. § 6305(e) (sale of tobacco) (accelerated rehabilitative disposi-

tion or any other preadjudication alternative considered offense for purposes of imposing criminal penalties under 6305(b)(1) and (2)).

By comparison, in section 3929(b) the legislature chose not to define offense to include ARD. The legislature's omission of ARD from section 3929(b) indicates that the legislature did not intend to include ARD in the calculation of prior retail theft offenses for grading purposes. Rather, as a piece of recidivist legislation, section 3929 is properly interpreted to require courts to grade retail theft offenses based upon prior retail theft convictions on record. *Jarowecki, supra; Clipper, supra.* With that, the Commonwealth's claim must fail, despite the 2009 ARD conditions that sought to govern the grading of any future retail theft offense. In the absence of statutory authorization, those ARD conditions were unenforceable. The 2009 ARD order could not, by its terms and conditions, dictate the grading of this conviction beyond that which the statute provides. *See Muhammed,* 992 A.2d at 903 ("If no statutory authorization exists for a particular sentence, that sentence is illegal[.]"). Should the legislature be so inclined, it may amend the retail theft statute to include ARD participation for purposes of grading retail theft offenses. We, however, will not broadly construe section 3929(b) to include ARD where the legislative intent so precludes; instead, we strictly construe this statute in favor of the accused and in accordance with its recidivist design. *See Commonwealth v. Booth,* 564 Pa. 228, 766 A.2d 843, 846 (2001) ("A court may not achieve an acceptable construction of a penal statute by reading into the statute terms that broaden its scope."); *Shiffler, supra;* 1 Pa.C.S.A. § 1928(b)(1).

Here, Graeff pled guilty to retail theft on March 3, 2010. At the time, Graeff was participating in an ARD program stemming from her prior retail theft arrest. According to the March 2009 ARD order, Graeff's prior retail theft charge was being held in "abeyance" pending her successful completion of the program. *See* ARD Order, 3/4/2009, Ex. C–2. It was not until March 30, 2010, weeks after Graeff pled guilty to this offense, that the Commonwealth revoked her ARD. Based on the record before us, that case has not resulted in a retail theft conviction and remains unresolved. We can only speculate that the Commonwealth will resume its prosecution of Graeff on this charge. Therefore, at the time of Graeff's guilty plea on March 3, 2010, she had no prior retail theft convictions on her record, and could not have pled guilty to a *second* retail theft offense. *See Jarowecki,* 985 A.2d at 968, *citing* BLACK'S LAW DICTIONARY 1112 (8th ed.2004) ("second offense," is an "offense committed after conviction for a first offense."). Therefore, we conclude that the trial court correctly graded this retail theft offense as Graeff's first offense and imposed a legal sentence consistent with a summary offense.

Judgment of sentence affirmed.