J-A25041-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRYAN ANTHONY VENI, | |
| Appellant | No. 2641 EDA 2013 |

Appeal from the Judgment of Sentence Entered January 25, 2013
in the Court of Common Pleas of Bucks County
Criminal Division at No.: CP-09-CR-0004073-2012

BEFORE:  DONOHUE, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 12, 2014**

Appellant, Bryan Anthony Veni, appeals from the judgment of sentence entered on January 25, 2013,[1] following his non-jury conviction of terroristic threats, simple assault, harassment, and conspiracy.[2]  On appeal, Appellant challenges the sufficiency of the evidence.  For the reasons discussed below, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Although Appellant purports to appeal from the order denying his post-sentence motions, an appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions. **See Commonwealth v. Dreves**, 839 A.2d 1122, 1125 n.1 (Pa. Super. 2003) (*en banc*). We have corrected the caption accordingly.

[2] 18 Pa.C.S.A. §§ 2706(a)(1), 2701(a)(3), 2709(a)(1), and 903(c), respectively.

We take the underlying facts in this matter from the trial court's February 12, 2014 opinion.

At trial on October 15, 2012, the Commonwealth introduced the following evidence:  On May 6, 2012, at approximately 12:30 A.M. both [Appellant] and victim Richard Brown (hereinafter Brown), were in the WaWa fast food store on South Main Street in the Borough of Doylestown, Bucks County, PA.  After an exchange of words, Brown departed to walk home on foot and [Appellant] drove off in his car.  The victim, by his own admission, was intoxicated.  Brown proceeded towards his home by walking down the side street (Clemens Street) to Meadow Lane, which connected to the street on which he lives (Timothy).  Meanwhile, [Appellant] drove out the side street in the opposite direction, toward Main Street.  Apparently, however, defendant looped around the block, pulled up on Meadow Lane, in back of where Brown was walking, and confronted Brown.  At this time there was a passenger[3] in [Appellant's] vehicle, whom Brown could see but could not identify.

[Appellant] got out of his car, a dark colored Taurus, and approached the victim.  He grabbed Brown by the front of his shirt, placed a metallic object under Brown's chin, which Brown thought was a handgun, and said "talk shit now, mother fucker[.]"  Brown never saw the object which [Appellant] placed under his chin, but believed it was a gun because it felt like metal and was cold.

Brown swiped [Appellant's] arm away with his left hand, and struck [Appellant] on the face with his right elbow.  [Appellant] got Brown to the ground, where the two of them fought, Brown in self defense.  In short order, the unidentified passenger joined the fight, kicking and striking Brown in the ribs.  [Appellant] said to the third party "find my gun, where's my gun?"  The third party disengaged from the two combatants, ostensibly to search for the hand gun that was knocked out of [Appellant's] hand by Brown.  In short order, [Appellant], who

_____

[3] When the police questioned him, Appellant identified the second individual as Ian Bradley (Bradley).  (**See** N.T. Trial, 10/15/12, at 82).

- 2 -

apparently was getting the best of the wrestling combat, due to wrestling prowess learned earlier in life, also separated from Brown, returned to his automobile and drove off.

In the larger view, the events were largely corroborated by other witnesses for the Commonwealth and by [Appellant] himself. However, [Appellant], who took the stand, maintained that Brown was talking insultingly while inside the WaWa and that Brown was the aggressor after [Appellant] pulled up to him; while Brown was walking on Meadow Lane toward his home. Needless to say he denied possessing a gun or placing an object to Brown's chin in a threatening manner.

Immediately after [Appellant] and his passenger drove off, Brown reported this incident to the police, by calling 911, from the scene. He reported the brandishing by [Appellant] of a handgun or like object.

The Doylestown Borough Police, alert and sensitive to any reported incident involving a handgun, took a statement from victim, and dispatched Buckingham Township Police, a neighboring department, to investigate further at [Appellant's] residence, which they did. Doylestown Police likewise investigated further, taking pictures of Brown's face and a spot behind Brown's ear. Brown complained of continuing pain in his hips as a result of the struggle.

(Trial Court Opinion, 2/12/14, at 2-4).

Immediately following the aforementioned non-jury trial, the trial court convicted Appellant of the above-mentioned offenses and acquitted him of possession of an instrument of crime, one count each of simple assault and disorderly conduct, and three counts of conspiracy.[4] On January 25, 2013, the trial court sentenced Appellant to a probationary term of three years. Appellant filed a timely post-sentence motion on February 1, 2013. The trial

_____

[4] 18 Pa.C.S.A. §§ 907(a), 2701(a)(1), 5503(a)(4), and 903(c), respectively.

court held a hearing on Appellant's motion on July 2, 2013, and denied the

motion on August 30, 2013.  The instant, timely appeal followed.[5]

On appeal, Appellant raises the following questions for our review:

> 1.    Did the trial [c]ourt err in finding Appellant guilty of terroristic threats, where there was insufficient evidence that Appellant threatened any violence and/or that Appellant had the intent to terrorize the victim?
>
> 2.    Did the trial [c]ourt err in finding Appellant guilty of simple assault by physical menace, where there was insufficient evidence of a physical act by Appellant, which is required by law for "physical menace"?
>
> 3.    Did the trial [c]ourt err in finding Appellant guilty of conspiracy to commit simple assault, where there was insufficient evidence of any agreement between Appellant and another person to assault the victim?

(Appellant's Brief, at 4).[6]

All of the issues raised by Appellant challenge the sufficiency of

the evidence.  Our standard of review for sufficiency of the evidence claims

is well settled:

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt.  Where there is sufficient evidence to enable the trier of fact to find every

---

[5] Appellant filed a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on October 4, 2013.  The trial court issued an opinion on February 12, 2014.  *See* Pa.R.A.P. 1925(a).

[6] Appellant does not challenge the sufficiency of the evidence underlying his conviction of harassment.  (*See* Appellant's Brief, at 4).

element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.

The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Tarrach*, 42 A.3d 342, 345 (Pa. Super. 2012) (citations omitted).

A person commits the offense of terroristic threats if he "communicates, either directly or indirectly, a threat to . . . commit any crime of violence with intent to terrorize another." 18 Pa.C.S.A. § 2706(a)(1). An individual acts intentionally with respect to a material element of an offense when "it is his conscious object to engage in conduct of that nature or to cause such a result[.]" 18 Pa.C.S.A. § 302(b)(1)(i). Thus, to sustain a conviction for terroristic threats, the evidence must demonstrate that: "(1) the defendant made a threat to commit a crime of violence; and (2) such threat was communicated with the intent of terrorizing another or with reckless disregard for the risk of causing terror. A direct communication between the defendant and the victim is not required to establish the crime of terroristic threats." *In the Interest of L.A.*, 853 A.2d 388, 391-92 (Pa. Super. 2004) (citation omitted). It is not

necessary that the defendant have either the ability or the instrumentality to carry out the threat. **See Commonwealth v. Cancilla**, 649 A.2d 991, 993 (Pa. Super. 1994) (evidence sufficient to sustain conviction for terroristic threats where defendant called in bomb threat even though there was no bomb and no one was injured).

Appellant claims that the phrase "talk shit now, motherfucker" was too vague to constitute a threat. (Appellant's Brief, at 20). However, Appellant ignores the fact that a terroristic threat can be an indirect one. **See** 18 Pa.C.S.A. § 2706(a)(1). Here, Appellant followed Brown, engaged in a verbal dispute with him, and when Brown tried to disengage and leave the scene, jumped him, placed what Brown believed to be a gun under his chin, and then stated "talk shit now, motherfucker." (N.T. Trial, 10/15/12, at 14; **see id.** at 6, 12, 14-17). When looking at the totality of the circumstances, this evidence is sufficient to sustain a conviction for terroristic threats. **See Commonwealth v. White**, 335 A.2d 436, 439 (Pa. Super. 1975) (evidence sufficient to sustain conviction for terroristic threats when statement that defendant was going to "grab" child was looked at in combination with his other actions). Appellant's claim that the evidence was insufficient to sustain his conviction for terroristic threats lacks merit.

Simple assault by physical menace is defined as, "attempts by physical menace to put another in fear of imminent serious bodily injury." 18 Pa.C.S.A. § 2701(a)(3). Serious bodily injury is "[b]odily injury which

creates a substantial risk of death, or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301. "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. § 901(a). An individual acts intentionally with respect to a material element of an offense when, "it is his conscious object to engage in conduct of that nature or to cause such a result." 18 Pa.C.S.A. § 302(b)(1)(i). Thus, in order to sustain a conviction for simple assault by physical menace, the Commonwealth must prove that Appellant "intentionally plac[ed] another in fear of imminent serious bodily injury through the use of menacing or frightening activity." ***Commonwealth v. Reynolds***, 835 A.2d 720, 726 (Pa. Super. 2003) (citation omitted). Further, "[t]he act of pointing a gun at another person [can] constitute simple assault as an attempt by physical menace to put another in fear of imminent serious bodily injury." ***Id.***

Here, Appellant concedes this, but argues that because the trial court found him not guilty of possession of an instrument of crime, he cannot be found guilty of simple assault by physical menace. (***See*** Appellant's Brief, at 23). However, Appellant does not cite to any legal support for the proposition that a defendant must be found guilty of possessing a weapon in order to sustain a conviction for simple assault by physical menace. The

issue is whether Appellant engaged in a menacing or frightening activity with the intent of putting Brown in fear of serious bodily injury.

Here, the evidence demonstrated that, late at night, Brown was walking home, when Appellant followed him in his car, engaged him in a verbal dispute, and when Brown attempted to leave the scene, jumped him, placed a cold metal object that Brown believed was a gun under his chin, and commenced to assault him. (*See* N.T. Trial, 10/15/12, at 6, 12, 14-17). This is sufficient evidence to sustain a conviction for simple assault by physical menace. *See Reynolds*, *supra* at 726. Thus, Appellant's challenge to the sufficiency of the evidence underlying his simple assault by physical menace conviction lacks merit.

Appellant also challenges his conviction of criminal conspiracy. (*See* Appellant's Brief, at 26-34). The crime of conspiracy is set forth at 18 Pa.C.S.A. § 903, which provides, in relevant part:

> **(a)  Definition of conspiracy.**—A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:
>
> > (1)   agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or
> >
> > (2)   agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S.A. § 903(a). Thus, to sustain a conviction for conspiracy, the Commonwealth must prove that:

the defendant (1) entered into an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent and (3) an overt act was done in furtherance of the conspiracy.

Circumstantial evidence may provide proof of the conspiracy. The conduct of the parties and the circumstances surrounding such conduct may create a "web of evidence" linking the accused to the alleged conspiracy beyond a reasonable doubt.

**Commonwealth v. Jones**, 874 A.2d 108, 121 (Pa. Super. 2005) (citations and some quotation marks omitted). When determining whether the evidence was sufficient to support a conviction for conspiracy, we consider the following factors:

(1) an association between alleged conspirators; (2) knowledge of the commission of the crime; (3) presence at the scene of the crime; and (4) in some situations, participation in the object of the conspiracy.

**Commonwealth v. Lambert**, 795 A.2d 1010, 1016 (Pa. Super. 2002), *appeal denied*, 805 A.2d 521 (Pa. 2002) (citations omitted). Each co-conspirator is liable for the acts of the other co-conspirators. **See Commonwealth v. King**, 990 A.2d 1172, 1178 (Pa. Super. 2010), *appeal denied*, 53 A.3d 50 (Pa. 2012).

Here, the evidence demonstrated all four factors necessary to sustain a conviction for criminal conspiracy. Appellant and Bradley were together at the WaWa and drove together, following and accosting Brown. (**See** N.T. Trial, 10/15/12, at 12). Bradley joined Appellant in beating Brown. (**See id.** at 17-20). At Appellant's request, Bradley stopped beating Brown and

went looking for Appellant's gun. (*See id.* at 19-20). Appellant and Bradley fled the scene together. (*See id.* at 20). This evidence was sufficient to establish criminal conspiracy. *See Commonwealth v. Gibson*, 668 A.2d 552, 555 (Pa. Super. 1995) (holding that appellant's presence with co-conspirator during entire criminal episode proved conspiracy); *Commonwealth v. Cooke*, 492 A.2d 63, 67-68 (Pa. Super. 1985) (holding evidence sufficient to sustain conviction of conspiracy where appellant was present at scene, strongly associated with co-conspirator and personally participated in crime); *Commonwealth v. Olds*, 469 A.2d 1072, 1075 (Pa. Super. 1983) (holding evidence sufficient to sustain convictions for conspiracy, robbery, and murder in the second degree, where appellant and co-conspirators arrived together and left together, even though all conspirators did not directly participate in robbery or murder). Appellant's claim that the evidence was insufficient to sustain his conviction for conspiracy lacks merit.

Accordingly, we find, for the reasons discussed above, that Appellant's claims lack merit. Therefore, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/12/2014</u>