J-S47015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JENNIFER ELAINE GOODERMUTH, | |
| Appellant | No. 2110 MDA 2015 |

Appeal from the Judgment of Sentence October 30, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0002957-2015

BEFORE:  SHOGAN, LAZARUS, and JENKINS, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED AUGUST 01, 2016**

Appellant, Jennifer Elaine Goodermuth, appeals from the judgment of sentence entered by the Court of Common Pleas of York County.  We affirm.

The charges in this case stem from the theft of gasoline from a Turkey Hill Store on Carlisle Road in Dover Township on March 10, 2015.  Appellant and another individual pumped gasoline into their vehicle at the station and then drove away without paying.  Appellant was charged with retail theft, criminal conspiracy to commit retail theft, and receiving stolen property.

The trial court summarized the procedural history of this case as follows:

> On September 3, 2015, [Appellant] was before the [c]ourt for a stipulated non-jury trial in [this] matter.  The parties stipulated to the facts contained in the police report, criminal complaint and affidavit of probable cause.  The sole issue for the [c]ourt's consideration was the gradation of the charge.

[Appellant] was previously convicted of Retail Theft on February 1, 2011 (MJ-19204-NT0721-2010), and was also convicted of Criminal Conspiracy to Commit Retail theft on June 23, 2014 (640-CR-2013). The Commonwealth charged the current offense of retail theft as a third offense. [Appellant] asserts that it is only a second offense. The issue before the [c]ourt is whether a conviction for Criminal Conspiracy (18 Pa.C.S. § 903(a)(1)) to Commit Retail Theft (18 Pa.C.S. §3929(a)(1)) constitutes a prior conviction pursuant to 18 Pa.C.S. §3929(a)(1) for gradation purposes. This [c]ourt finds that [Appellant's] conviction for criminal conspiracy to commit retail theft was a second offense, making the current charge a third offense, graded as a felony of the third degree.

Trial Court Opinion, 9/25/15, at 1-2.

Following her conviction of these charges, Appellant was sentenced on October 30, 2015, to eighteen months of probation on each of the convictions for retail theft and criminal conspiracy, to be served concurrently. N.T., 10/30/15, at 1-4; Sentence Order, 10/30/15, at 1. The conviction of receiving stolen property merged with the retail theft conviction. N.T., 10/30/15, at 1-4; Sentence Order, 10/30/15, at 1. Appellant was also sentenced to pay costs and restitution. *Id.* Appellant timely appealed. Both the trial court and Appellant complied with the requirements of Pa.R.A.P. 1925.[1]

Appellant presents the following issue for our review:

1. Whether the trial court erred in finding that Appellant's prior conviction for criminal conspiracy to commit retail theft is a

_____

[1] On January 7, 2016, the trial court filed a statement pursuant to Pa.R.A.P. 1925(a), explaining that it was relying on the reasons for its determination outlined in its opinion and order dated September 25, 2015.

substantially similar offense pursuant to 18 Pa.C.S. § 3929(b.1) for purposes of grading the current retail theft charge as a felony when criminal conspiracy is an inchoate offense not listed in Section 3929(b.1) and further does not have the same elements as retail theft?

Appellant's Brief at 4.

We note the following applicable standard of review:

A claim that the court improperly graded an offense for sentencing purposes implicates the legality of a sentence. A challenge to the legality of a sentence may be raised as a matter of right, is not subject to waiver, and may be entertained as long as the reviewing court has jurisdiction. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. We can raise and review an illegal sentence *sua sponte*. When we address the legality of a sentence, our standard of review is plenary and is limited to determining whether the trial court erred as a matter of law.

*Commonwealth v. Graeff*, 13 A.3d 516, 517-518 (Pa. Super. 2011) (internal citations and quotation marks omitted).

The retail theft statute provides, in relevant part, as follows:

**§ 3929. Retail theft**

**(a) Offense defined.--**A person is guilty of a retail theft if he:

(1) takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof;

* * *

**(b) Grading.--**

- 3 -

(1) Retail theft constitutes a:

(i) Summary offense when the offense is a first offense and the value of the merchandise is less than $150.

(ii) Misdemeanor of the second degree when the offense is a second offense and the value of the merchandise is less than $150.

(iii) Misdemeanor of the first degree when the offense is a first or second offense and the value of the merchandise is $150 or more.

(iv) Felony of the third degree when the offense is a third or subsequent offense, regardless of the value of the merchandise.

(v) Felony of the third degree when the amount involved exceeds $1,000 or if the merchandise involved is a firearm or a motor vehicle.

* * *

**(b.1) Calculation of prior offenses.--**For the purposes of this section, in determining whether an offense is a first, second, third or subsequent offense, the court shall include a conviction, acceptance of accelerated rehabilitative disposition or other form of preliminary disposition, occurring before the sentencing on the present violation, for an offense under this section, an offense substantially similar to an offense under this section or under the prior laws of this Commonwealth or a similar offense under the statutes of any other state or of the United States.

18 Pa.C.S. § 3929(a), (b), and (b.1).

As noted, Appellant was previously convicted of retail theft in 2011 and criminal conspiracy to commit retail theft in 2014. There is no dispute

that the previous retail theft conviction counts toward the grading of Appellant's current retail theft charge. For reasons set forth below, we conclude that the criminal conspiracy charge to commit retail theft also counts as a previous offense.

Section 3929(b.1) provides that "an offense substantially similar to an offense under this section" should be included in the calculation of whether the offense is a first, second, third, or subsequent offense. 18 Pa.C.S. § 3929(b.1). We agree with the trial court that a conviction of criminal conspiracy to commit retail theft is an offense "substantially similar" to the offense of retail theft for purposes of grading.

Moreover, 18 Pa.C.S. § 905, entitled "grading of criminal attempt, solicitation and conspiracy," provides in relevant part as follows: "attempt, solicitation and conspiracy are crimes of the same grade and degree as the most serious offense which is attempted or solicited or is an object of the conspiracy." 18 Pa.C.S. § 905. Thus, in the case before us, Appellant's conspiracy conviction is a crime of the same grade and degree as the offense of retail theft, which was the object of the conspiracy. Accordingly, for penalty purposes, the conspiracy conviction is tantamount to a conviction for retail theft. *See Commonwealth v. Perkins*, 448 A.2d 70, 72 (Pa. Super. 1982) (explaining that "criminal conspiracy in any one particular criminal incident is the same grade offense as the most serious offense which is the object of the conspiracy").

Furthermore, we agree with the Commonwealth and the trial court that **Commonwealth v. Gibson**, 668 A.2d 552 (Pa. Super. 1995), is supportive of this determination. In **Gibson**, the appellant was convicted of conspiracy to commit retail theft. **Id.** at 554. Her conviction was graded by the trial court as a felony in the third degree on the basis of her prior retail theft convictions, and she was sentenced accordingly. **Id.** at 555. The appellant appealed, asserting that her sentence was illegal because the Commonwealth failed to set forth her prior convictions for retail theft in the criminal information, and therefore the court could not impose an enhanced sentence under 18 Pa.C.S. § 3929(b)(1)(iv). **Id.** The trial court held that the Commonwealth did not need to allege appellant's prior convictions for retail theft in the information to impose the enhanced sentence since appellant was actually convicted of criminal conspiracy. **Id.** at 555-556.

On appeal, this Court reversed the trial court, holding that the sentence imposed was illegal because the Commonwealth was required to allege appellant's prior convictions for retail theft in the information in order to impose the enhanced sentence. **Gibson**, 668 A.2d at 556. Central to this Court's resolution of this issue was 18 Pa.C.S. § 905(a) which, as noted, provides in pertinent part that "conspiracy [is a crime] of the same grade and degree as the most serious offense which is ... an object of the conspiracy." **Id.** The **Gibson** Court explained:

> Since the penalty for a conspiracy conviction was based
> upon the grade of the underlying offense of retail theft, we hold

that the Commonwealth was required to aver appellant's prior retail theft convictions in the information in order to empower the lower court with the authority to enhance her sentence. Since the Commonwealth did not plead appellant's prior convictions she was not put on legal notice that, if convicted, she could be sentenced for a felony of the third degree.

*Id.* at 556. Thus, this Court concluded that the penalty for the conspiracy conviction was based upon the grade of the underlying offense of retail theft.

*Id.*

In this case, the trial court properly counted Appellant's prior conviction for criminal conspiracy to commit retail theft as another retail theft offense under 18 Pa.C.S. § 3929(b.1). *Gibson*, 668 A.2d at 556 ("the penalty for conspiracy is based entirely upon the grade of the underlying offense."). As a result, Appellant's most recent retail theft conviction constituted her third for purposes of grading and sentencing.

We agree with the trial court's determination that Appellant's conviction of retail theft was properly deemed a third offense and graded as a felony of the third degree based upon her prior convictions. We conclude that the trial court committed no error of law in imposing Appellant's sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/1/2016