J-S24015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :           PENNSYLVANIA
              v.                :
                                :
RICHARD E. LAWRENCE,            :
                                :
              Appellant         :         No. 889 MDA 2015

Appeal from the Judgment of Sentence January 22, 2015
in the Court of Common Pleas of Lancaster County,
Criminal Division, No(s):  CP-36-CR-0003170-2012

BEFORE:  GANTMAN, P.J., BOWES and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:            **FILED AUGUST 22, 2016**

Richard E. Lawrence ("Lawrence") appeals from the judgment of
sentence imposed following his conviction of corruption of minors
(misdemeanor), corruption of minors (felony), indecent exposure and
unlawful contact with a minor.[1]  We affirm.

The trial court set forth the relevant factual and procedural history in
its Opinion, which we adopt for purposes of this appeal.  *See* Trial Court
Opinion, 4/20/15, at 1-4.  The trial court denied Lawrence's post-sentence
Motion on April 20, 2015.  Thereafter, Lawrence filed a timely Notice of
Appeal.[2]

On appeal, Lawrence raises the following issues for our review:

---

[1] *See* 18 Pa.C.S.A. §§ 6301(a)(1)(i), (ii), 3127(a), 6318(a)(1).

[2] The trial court did not order Lawrence to file a concise statement of
matters complained of on appeal, pursuant to Pa.R.A.P. 1925(b).  The trial
court relies on its Opinion, entered on April 20, 2015, in support of the
judgment of sentence imposed on Lawrence.

1. Was the evidence presented by the Commonwealth insufficient to sustain [] Lawrence's conviction for indecent exposure, where [] Lawrence exposed his penis to E.S. during consensual sexual activity, and the Commonwealth did not establish that the exposure was made under circumstances in which [] Lawrence knew or should have known that his conduct was likely to offend, affront or alarm?

2. Was the evidence presented by the Commonwealth insufficient to sustain [] Lawrence's conviction for unlawful contact with a minor, as set forth at 18 Pa.C.S.[A.] § 6318, which requires that he have had contact with a minor for the purposes of certain offenses set forth in § 6318, and [] Lawrence did not commit any of these offenses?

3. Because the evidence was insufficient to sustain [] Lawrence's convictions for indecent exposure, unlawful contact with a minor, or third[-]degree felony corruption of minors, was there no basis for an assessment pursuant to 42 Pa.C.S.[A.] § 9799.24, and should [] Lawrence not have been found [to be] a sexually violent predator ["SVP"]?

4. [Was] the evidence presented by the Commonwealth and the trial court's charge to the jury insufficient to sustain [] Lawrence's conviction for corruption of minors, a third[-]degree felony, as set forth at 18 Pa.C.S.A. § 6301(a)(1)(ii)?

5. Did the trial court err by precluding defense counsel from informing the jury that a sixteen-year-old person was permitted to consent to sexual activity, to the extent that such consent was relevant to a consideration of whether [] Lawrence committed indecent exposure, and did the court's ruling unlawfully impede defense counsel's right to present a defense, in violation of the Sixth and Fourteenth Amendments to the United States Constitution, and Article One, Section Nine, of the Constitution of the Commonwealth of Pennsylvania?

6. Did the trial court err by refusing to grant a mistrial after the prosecutor deliberately misstated the law to the jury, stating that a person under eighteen cannot consent to sexual contact with an adult, and that he cannot consent to indecent exposure, that [] Lawrence should have known that it would be "offensive or alarming or affronting to the community" to

expose himself to E.S., and that whether E.S. wanted the sexual contact was not relevant, even to the charge of indecent exposure; [and] did the prosecutor's uncured errors prejudice the jury against [] Lawrence such that they could not render a fair and impartial verdict?

7. Was [] Lawrence's sentence of ten and one-half to twenty years['] incarceration manifestly excessive, unreasonable, and an abuse of discretion, where all sentences were imposed consecutively, all sentences were statutory maximum sentences, above the aggravated range of the sentencing guidelines, and the court chose to ignore significant evidence of [] Lawrence's rehabilitation and other mitigating factors?

Brief for Appellant at 10-12 (issues renumbered for ease of disposition).

In his first issue, Lawrence contends that the Commonwealth failed to prove the crime of indecent exposure because the evidence did not establish that Lawrence knew or should have known that exposing his penis to E.S. was likely to offend, affront or alarm E.S. Brief for Appellant at 26. Lawrence asserts that the only crime for which an adult may properly be charged, as related to private consensual sex with a sixteen or seventeen-year-old minor, is first-degree misdemeanor corruption of minors. *Id*. at 27. According to Lawrence, a sixteen-year-old minor may consent to sexual activity, even with an adult. *Id*. at 28. Lawrence argues that, "[w]hile consent is not an element of indecent assault, it surely is a defense, as it would be absurd to suggest that a person could commit indecent exposure during consensual sexual activity." *Id*. at 29. Lawrence contends that, "[b]ased on the evidence presented at trial, it appears that [] Lawrence first exposed his genitals to E.S. during their first consensual sexual encounter, in

the [s]pring of 2009." *Id*. at 30. However, Lawrence asserts, based on E.S.'s testimony, "it is not entirely clear whether [] Lawrence exposed his penis to E.S. during this first sexual encounter, or exactly when, during this first encounter, he did so." *Id*. at 30-31. Lawrence claims that, although his trial testimony that he and E.S. "masturbated each other" during that first encounter "makes it more clear that [] Lawrence's penis was exposed at some point, [] there was no evidence from which the jury could determine the order in which these acts took place." *Id*. at 31. Lawrence argues that he "reasonably believed that E.S. would not be offended or alarmed by seeing his penis, while the two of them were engaged in consensual sexual activity." *Id*. Lawrence contends that, because he exposed his penis during consensual, mutual masturbation with E.S., the Commonwealth failed to establish that Lawrence knew or should have known that E.S would be offended, affronted or alarmed by such exposure. *Id*. at 32.

In its Opinion, the trial court set forth the relevant law, addressed Lawrence's first issue, and determined that it lacks merit. *See* Trial Court Opinion, 11/6/14, at 4-8. Viewing the record in the light most favorable to the verdict winner, and giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence, we agree with the reasoning of the trial court and affirm on this basis as to Lawrence's first issue. *See id*.; *see also Commonwealth v. Franklin*, 69 A.3d 719, 722 (Pa. Super. 2013).

In his second issue, Lawrence contends that, because the evidence was insufficient to sustain his conviction of indecent exposure, the evidence was necessarily insufficient to sustain his conviction for unlawful contact with a minor. Brief for Appellant at 33.

In its Opinion, the trial court set forth the relevant law, addressed Lawrence's second issue, and determined that it lacks merit. *See* Trial Court Opinion, 11/6/14, at 8; *see also id*. at 6-8 (wherein the trial court determined why the evidence was sufficient to sustain Lawrence's conviction of indecent exposure). Viewing the record in the light most favorable to the verdict winner, and giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence, we agree with the reasoning of the trial court and affirm on this basis as to Lawrence's second issue. *See id*. at 8; *see also Franklin*, 69 A.3d at 722.

In his third issue, Lawrence contends that, because the evidence was insufficient to convict him of unlawful contact with minors or third-degree felony corruption of minors, no SVP assessment should have been ordered, and the finding that he is a SVP should be vacated. Brief for Appellant at 42.

Based on our determination that the evidence was sufficient to sustain Lawrence's conviction for unlawful contact with a minor, we conclude that Lawrence's third issue lacks merit. *See* 42 Pa.C.S.A. § 9795.1(a)(1) (providing that a defendant convicted of unlawful contact with a minor must register for a period of ten years); *see also* 42 Pa.C.S.A. § 9795.4

(providing that "a court shall order an individual convicted of an offense specified in section 9795.1 (relating to registration) to be assessed" to determine "if the individual should be classified as a sexually violent predator").

In his fourth issue, Lawrence contends that the trial court did not instruct the jury that one of the elements of third-degree felony corruption of minors was a "course of conduct" of indecent exposure. Brief for Appellant at 36. Lawrence contends that the trial court's use of a jury instruction for third-degree felony corruption of minors that was "taken almost verbatim from the Pennsylvania Suggested Standard Criminal Jury Instructions is unavailing, as the words 'course of conduct' contained in the Crimes Code definition were omitted from the instruction to the jury." *Id*. Lawrence further contends that, due to this omission, the trial court did not instruct the jury that it was required to find that Lawrence had engaged in a "course of conduct" of indecent exposure, or that it was required to find that Lawrence had committed multiple acts of indecent exposure over time. *Id*. at 37-38. On this basis, Lawrence argues that no jury verdict was returned as to the "course of conduct" element of third-degree felony corruption of minors. *Id*. at 36. Lawrence contends that this error may not be subjected to a harmless error analysis. *Id*. at 37. Lawrence asserts that his conviction of third-degree felony corruption of minors should be vacated,

leaving only the conviction of first degree misdemeanor corruption of minors. *Id*. at 39.

Lawrence further claims that, despite E.S.'s testimony that seeing Lawrence's penis during their first sexual encounter "didn't feel right," and that it was "sort of, like, scary to me," there was no evidence that the subsequent sexual encounters between E.S. and Lawrence were anything but consensual. *Id*. at 40. Lawrence argues that the indecent exposure, if it occurred at all, occurred during the first sexual encounter between himself and E.S. in the spring of 2009. *Id*. at 41. Lawrence contends that, because the spring 2009 incident occurred before the enactment and effective date of the third-degree felony version of corruption of minors of which he was convicted, his conviction should be vacated. *Id*.[3]

Lawrence's fourth issue challenges the *grading* of the offense of corruption of minors rather than the offense itself. *See Commonwealth v. Kelly*, 102 A.3d 1025, 1028 (Pa. Super. 2014) (*en banc*) (wherein this Court ruled that the defendant's claim that the evidence was insufficient to support his conviction of third-degree felony corruption of minors, where the

---

[3] Lawrence also contends that, because the evidence was insufficient to sustain his conviction of indecent exposure, the evidence was, necessarily, insufficient to sustain his conviction of third-degree felony corruption of minors. Brief for Appellant at 34-35. Based on our conclusion that the evidence was sufficient to sustain Lawrence's conviction for indecent exposure, this claim lacks merit.

Commonwealth had failed to prove a "course of conduct," presented a challenge to the grading of the offense).

A claim that the trial court improperly graded an offense for sentencing purposes implicates the legality of a sentence. *See Commonwealth v. Graeff*, 13 A.3d 516, 518 (Pa. Super 2011). When we address the legality of a sentence, our standard of review is plenary and is limited to determining whether the trial court erred as a matter of law. *Id*.[4]

The offense of corruption of minors is defined as follows:

**(a)** *Offense defined.*

**(1)(i)** Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

**(ii)** Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

---

[4] The Commonwealth argues that, because Lawrence did not raise any objection to the trial court's jury instruction on the felony corruption of minors charge, it is waived on appeal. Although Lawrence did not object to the instruction at trial, a grading issue raises a question as to the legality of the sentence; thus, it is a non-waivable matter. *See Commonwealth v. Popow*, 844 A.2d 13, 17 (Pa. Super. 2004).

18 Pa.C.S.A. § 6301(a)(1)(i), (ii).[5]    The use of the phrase "course of conduct" in subsection (a)(1)(ii) imposes a requirement of multiple acts over time, in the same manner in which the term is used in the harassment, stalking, and endangering the welfare of children statutes.  **See Kelly**, 102 A.3d at 1031.

Our review of the record reveals that, although the trial court did not specifically instruct the jury to consider whether Lawrence engaged in a

---

[5] The corruption of minors statute was amended in 2010 to include subsection (a)(1)(ii).  Prior to the amendment, which became effective on December 6, 2010, subsection (a)(1) only prohibited the offense now set forth in subsection (a)(1)(i).  For this reason, as discussed *infra*, the trial court instructed the jury that the felony corruption of minors charge at Count 1 pertained to the alleged conduct that took place after the statute was amended (*i.e.*, between December 7, 2010 and February 14, 2011), while the misdemeanor corruption of minors charge at Count 2 pertained to the alleged conduct that took place before the statute was amended (*i.e.*, between the spring of 2009 and December 6, 2010).  **See** N.T., 1/31/14, at 251.  Notably, the jury found Lawrence guilty of indecently exposing himself to E.S. during both time periods.

"course of conduct,"[6] the jury nevertheless convicted Lawrence of separate sexual offenses against E.S., thereby determining that Lawrence had perpetrated multiple instances of indecent exposure or improper sexual contact with a minor over time. Thus, the jury necessarily found that Lawrence had, in fact, engaged in a "course of conduct."

Additionally, the record reflects that the trial court was aware of the change in the corruption of minors statute, and that a "course of conduct" element had been added to the felony offense. Notably, the trial court informed the jury that the dates supplied on the verdict slip for Counts 1 and 2 were relevant due to a change in the law, and that, in order to convict

---

[6] The trial court's jury instruction regarding the third-degree felony corruption of minors offense was as follows:

> As charged in the first count – and the verdict slip will indicate the dates that are relevant because of the change in the law, as well as the underlying conduct which pertains to that count. Under the first count, to find [Lawrence] guilty of the offense of corruption of a minor, as charged in Count 1 of the charging document, you must find that each of the following four elements has been proven beyond a reasonable doubt; first, that [Lawrence] was 18 years of age or older at the time of the incident giving rise to the charge; second, that [E.S.], the alleged victim, was under 18 years of age at that time; third, that [Lawrence] committed the offense of indecent exposure. That offense will be defined for you momentarily.

> To find [Lawrence] guilty of corruption of [a] minor, as charged in Count 1, you must be satisfied beyond a reasonable doubt that [he] committed the offense of indecent exposure. The fourth element of this offense, that the alleged conduct took place between December 7, 2010[,] and February 14, 2011.

N.T., 1/31/14, at 251-52.

Lawrence of the felony offense at Count 1, they needed to find that the conduct alleged took place between a range of dates (*i.e.*, December 7, 2010 and February 14, 2011), and not merely on a single date, as one would expect if the alleged conduct encompassed a solitary incident. Indeed, the conduct in question was never presented as a single incident. Rather, the Commonwealth presented ample and undisputed evidence that Lawrence engaged in sexual relations with E.S. on *numerous* occasions between 2009 and 2011, when E.S. was sixteen and seventeen years of age. E.S. testified that, starting in the spring of 2009, sexual contact with Lawrence occurred "once a week on the average." N.T.. (trial), 1/30/14, at 100. E.S. described seeing Lawrence's penis and engaging in oral and anal sex with him. *Id*. at 98-99. E.S. further testified that his activity extended over the course of two years. *Id*. at 103. Thus, we conclude that the trial court did not err by grading the corruption of minors offense at Count 1 as a felony of the third degree.[7]

In his fifth issue, Lawrence contends that, prior to closing arguments, the Commonwealth "moved [*in limine*] to preclude any argument from defense counsel that there was 'no crime because [E.S.] consented to the conduct, the sexual contact, including the indecent exposure.'" Brief for Appellant at 43 (citing N.T., 1/31/14, at 216-17). Lawrence asserts that, in

---

[7] Compare **Popow, supra** (wherein the trial court improperly graded the offense of corruption of minors as a felony based on evidence of a *singular* event which occurred over a matter of minutes).

response, defense counsel argued that he "should be able to tell the jury that a sixteen[-]year[-]old can consent to sexual activity, because the jury should be aware that E.S. was old enough to consent to sexual activity." Brief for Appellant at 43. Lawrence challenges the trial court's subsequent ruling that anyone under the age of 18, for purposes of the corruption of minors offenses and the unlawful contact offense, is not able to consent. *Id*. Lawrence argues that, despite the trial court's ruling that defense counsel could refer to E.S.'s "voluntariness or willingness to engage in conduct," the trial court nevertheless erred by prohibiting defense counsel from using the terms "consent" or "consensual." *Id*. at 44 (citing N.T., 1/31/14, at 218). Lawrence contends that consent is a defense to the charge of indecent exposure, and asserts that the trial court erred by prohibiting defense counsel from arguing to the jury that E.S. had consented to the sexual contact with Lawrence. Brief for Appellant at 44-45. Lawrence asserts that the trial court's prohibition essentially left him without a defense, in violation of his right to counsel under the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 9 of the Constitution of the Commonwealth of Pennsylvania. *Id*. at 46. Lawrence claims that, because every charge against him, except for the misdemeanor corruption of minors charge, was dependent upon his conviction of indecent exposure, the trial court's prohibition was significant and cannot be considered as a harmless error. *Id*.

In evaluating the denial or grant of a motion *in limine*, our standard of review is the same as that utilized to analyze an evidentiary challenge. **See Commonwealth v. Pugh**, 101 A.3d 820, 822 (Pa. Super. 2014) (*en banc*). Pursuant to that standard,

> [t]he admission of evidence is committed to the sound discretion of the trial court, and a trial court's ruling regarding the admission of evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous.

*Id*. (citations omitted).

Here, our review discloses that the Commonwealth moved *in limine* to prohibit defense counsel from arguing to the jury in his closing argument that no crime had been committed by Lawrence because E.S. had consented to sexual contact with Lawrence. **See** N.T., 1/31/14, at 217. In response, defense counsel claimed that, although "[i]t was never [his] purpose to argue that[,] because [E.S.] voluntarily went into this relationship[, Lawrence] should be found not guilty[,] [his] purpose in raising the consent [issue] was to let the jury know that a 16[-]year[-]old can consent." **Id**.; **see also id**. (wherein defense counsel conceded that consent "is not an element of any of these charges" and claimed, contrary to his argument on appeal, that he "would never raise the argument that because [E.S.] consented[, Lawrence] should be found not guilty."). Thereafter, the trial court ruled that "consent" is "a term of art," and that "anyone under the age of 18 being defined as a minor for the purposes of both the corruption of

minors charges, as well as the unlawful contact [charge], is not able to consent[,]" and that, "[a]s a matter of law, a minor under the age of 18 cannot consent to unlawful contact or to being corrupted." N.T., 1/31/14, at 218. We discern no manifest unreasonableness, partiality, prejudice, bias, or ill-will, or lack of support for the trial court's ruling. Accordingly, we conclude that Lawrence's fifth issue lacks merit.

In his sixth issue, Lawrence contends that the trial court erred by failing to grant defense counsel's request for a mistrial at the conclusion of the prosecutor's closing arguments, based on the prosecutor's comments that E.S. could not consent to sexual activity with Lawrence. Brief for Appellant at 50. Lawrence points to the prosecutor's comments in his closing statement, wherein he instructed the jury to ignore defense counsel's use of the words "voluntary," "voluntarily," "willingly," and "of his free will," because a "minor cannot consent to sexual contact with an adult." *Id*. at 46 (citing N.T., 1/31/14, at 240). Lawrence argues that the trial court improperly ruled that the prosecutor had not misstated the law, and thereby permitted the prosecutor's erroneous instruction to the jury to remain uncorrected. Brief for Appellant at 46. Lawrence asserts that, although the trial court's instruction to the jury regarding indecent exposure was correct, the jury was likely confused by the prosecutor's misstatements, and the jury instruction provided was inadequate to correct and clarify the misstatements. *Id*. at 52. Lawrence claims that the instruction failed to

explain that "Lawrence had to believe his conduct would offend E.S., not that he should have known that his conduct would offend the community." ***Id***. Lawrence argues that, based on the instruction provided, the jury could have believed that Lawrence's exposure of his genitals to E.S. automatically constituted indecent exposure because E.S. could not consent to the exposure, or that Lawrence was guilty if the community would be offended by Lawrence's exposure of his genitals. ***Id***. Lawrence contends that, because his "conviction for indecent exposure was the linchpin upon which all other convictions rested, other than first-degree misdemeanor corruption of minors, an error in the jury's understanding of the elements of indecent exposure and any defenses to the charge, effected [*sic*] the entire proceeding with unfair bias." ***Id***. at 52-53.

Our standard of review in assessing the denial of a mistrial is as follows:

> The trial court is in the best position to assess the effect of an allegedly prejudicial statement on the jury, and as such, the grant or denial of a mistrial will not be overturned absent an abuse of discretion. A mistrial may be granted only where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict. Likewise, a mistrial is not necessary where cautionary instructions are adequate to overcome any possible prejudice.

***Commonwealth v. Johnson***, 107 A.3d 52, 53 (Pa. 2014) (citation omitted).

Here, in denying Lawrence's request for a mistrial, the trial court ruled that "consent forms no part of the elements of the offense[s] and is not a valid defense to any of the[ charges against Lawrence]. And, therefore, precluding the defense from arguing anything with regard to consent [by E.S.] was completely proper." N.T., 1/31/14, at 240. The trial court further ruled that "[t]he Commonwealth has not misstated the law. And just because I don't permit one side to *misstate* the law doesn't mean the other side isn't allowed to *properly* state the law." **Id**. (emphasis supplied). Moreover, the trial court determined that Lawrence would not be deprived of a fair trial because defense counsel had been able to argue to the jury E.S.'s "voluntariness and willingness[,] which goes directly to an element of the chief underlying offense here," *i.e.*, whether E.S. was "offended alarmed or affronted." **Id**.; **see also id**. at 241 (wherein the trial court noted that "[j]ust because [E.S.] can't consent doesn't mean he wasn't okay with [the sexual contact with Lawrence] and, therefore, not affronted, *etc*."). We discern no abuse of discretion by the trial court, and conclude that Lawrence's sixth issue lacks merit.

In his final issue, Lawrence contends that the trial court erred by refusing to consider "Lawrence's letters of apology to E.S. and his parents, taking responsibility for his actions." Brief for Appellant at 57. Lawrence asserts that the trial court's finding that Lawrence was "mostly sorry that it had to turn out this way only because it's wrong criminally" is not consistent

with the evidence presented at sentencing. *Id*. Lawrence claims that the trial court erred by "failing to consider the fact that [] Lawrence was able to rehabilitate himself after his release from prison in 1992 through regular church attendance, prison ministry and careful attention to his spiritual state, and that during this time there was no violation of his parole, and he committed no offenses, for over fifteen years." *Id*.[8] Lawrence argues that the trial court failed to acknowledge that his work with Pastor Melvin Esh ("Pastor Esh") for nearly two years showed that Lawrence was willing to and capable of being rehabilitated through recommitment to his religious beliefs and involvement with the church. *Id*. at 58. Lawrence contends that his work with Pastor Esh was objective conduct showing real remorse and a desire to conform to the law in the future. *Id*. at 58-59. Lawrence points out that, by engaging with the church, he was able to conform to the law for nearly two years prior to his trial. *Id*. at 59. Lawrence asserts that the trial court failed to state an adequate basis for imposing sentences which deviated far beyond the top of the aggravated range of the sentencing guidelines, nor did it state an adequate basis for statutory maximum sentences. *Id*. Lawrence also claims that the trial court's statutory maximum sentences, imposed consecutively, were unreasonable, manifestly excessive and constitute an abuse of discretion. *Id*.

---

[8] Lawrence has several prior convictions for sexual offenses against minors.

Lawrence challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d at 170 (citation omitted).

When an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. *Commonwealth v. Yanoff*, 690 A.2d 260, 267 (Pa. Super. 1997); *see also Commonwealth v. Tuladziecki*, 522 A.2d 17, 18 (Pa. 1987); 42 Pa.C.S.A. § 9781(b).

In the instant case, Lawrence filed a timely Notice of Appeal, preserved his claims in a timely post-sentence Motion, and included in his appellate brief a separate Rule 2119(f) statement. A substantial question is raised where an appellant alleges the sentencing court erred by imposing an aggravated range sentence without consideration of mitigating circumstances. *Commonwealth v. Bowen*, 55 A.3d 1254, 1263 (Pa.

Super. 2012). Additionally, a claim that the sentencing court imposed a sentence outside the standard sentencing guidelines without stating adequate reasons on the record presents a substantial question. ***See Commonwealth v. Antidormi***, 84 A.3d 736, 759 (Pa. Super. 2014). As such, he is in technical compliance with the requirements to challenge the discretionary aspects of a sentence. ***Commonwealth v. Rhoades***, 8 A.3d 912, 916 (Pa. Super. 2010). Thus, we will address his claim.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Garcia-Rivera***, 983 A.2d 777, 780 (Pa. Super. 2009) (citation omitted).

The Sentencing Code sets forth the considerations a sentencing court must take into account when formulating a sentence, providing that "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Additionally, in every case where a sentencing court imposes a sentence outside of the sentencing guidelines, the court must

provide, in open court, a contemporaneous statement of reasons in support of its sentence. *Id.* When doing so,

> a [sentencing] judge ... [must] demonstrate on the record, as a proper starting point, its awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as it also states of record the factual basis and specific reasons which compelled it to deviate from the guideline range.

*Commonwealth v. Bowen*, 55 A.3d 1254, 1264 (Pa. Super. 2012) (citation and brackets omitted). An appellate court must vacate and remand a case where it finds that "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S.A. § 9781(c)(3).

The trial court addressed Lawrence's final issue and determined that it lacks merit. *See* Trial Court Opinion, 4/20/15, at 4-10. We agree with the sound reasoning of the trial court and discern no manifest abuse of discretion. Accordingly, we affirm on this basis as to this issue. *See id*.

Because we find no merit to any of Lawrence's issues, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2016

# IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
## CRIMINAL

COMMONWEALTH OF PENNSYLVANIA　　:

vs.　　　　　　　　　　　　　　:　　No.　3170-2012

RICHARD EUGENE LAWRENCE　　　　:

## OPINION

By: MILLER, J.
November 5, 2014

Before the court are the Post-Sentence and Supplemental Post-Sentence Motions filed by

Defendant Richard Lawrence. For the reasons that follow, the Motions are granted in part and

denied in part.

## BACKGROUND

Defendant was charged with, and following a jury trial, convicted of, two counts of

corruption of minors, one a felony of the third degree (Count 1 of the Criminal Information),[1] and

the other a misdemeanor of the first degree (Count 2 of the Criminal Information);[2] indecent

exposure (Count 3 of the Criminal Information);[3] and unlawful contact with a minor (Count 4 of

the Criminal Information).[4] The charges arose from accusations of sexual contact with E.S., a 16-

---

[1] 18 Pa. C.S. § 6301(a)(1)(ii).

[2] 18 Pa. C.S. § 6301(a)(1)(i).

[3] 18 Pa. C.S. § 3127(a), a misdemeanor of the second degree.

[4] 18 Pa. C.S. § 6318(a)(1), a felony of the third degree.

year-old male,[5] beginning in May 2009, and continuing through at least February 15, 2011, when E.S. turned 18 years of age. Count 1, the felony corruption of minors charge, was based upon Defendant committing the crime of indecent exposure as to E.S. between December 7, 2010, and February 14, 2011. Count 2, the misdemeanor corruption of minors charge, was based upon Defendant having sexual contact with E.S. between May 1, 2009, and December 6, 2010.

Following Defendant's conviction on January 31, 2014, the court ordered the required assessment by the Sexual Offenders Assessment Board pursuant to section 9799.24 of the Judicial Code[6] (the convictions on Counts 1 and 4 being sexually violent offenses, *see* 42 Pa. C.S. §§ 9799.12 and 9799.14), as well as a presentence investigation. A hearing pursuant to 42 Pa. C.S. § 9799.24(e) (SVP Hearing) was conducted on June 30, 2014, following which the court determined that Defendant met the statutory criteria to be classified as a sexually violent predator. Immediately following the SVP Hearing, Defendant stood for sentencing. As to Counts 1 and 4, the Commonwealth invoked the provisions of 42 Pa. C.S. § 9718.2(a)(2),[7] and provided to the court the records of six prior convictions of Defendant from the Circuit Court of Fairfax County, Commonwealth of Virginia, which it alleged were for offenses equivalent to those set forth in 42

---

[5] E.S.'s date of birth was February 15, 1993; Defendant's date of birth was June 17, 1955.

[6] 42 Pa. C.S. § 101 *et seq.*, 42 Pa. C.S.A. § 9799.24.

[7] 42 Pa. C.S.A. § 9718.2. Sentences for sexual offenders
    (a) Mandatory sentence.-
    . . .
    (2) Where the person had at the time of the commission of the current offense previously been convicted of two or more offenses arising from separate criminal transactions set forth in section 9799.14 or equivalent crimes under the laws of this Commonwealth in effect at the time of the commission of the offense or equivalent crimes in another jurisdiction, the person shall be sentenced to a term of life imprisonment, notwithstanding any other provision of this title or other statute to the contrary. Proof that the offender received notice of or otherwise knew or should have known of the penalties under this paragraph shall not be required.

Pa. C.S. § 9799.14. The court agreed that the offenses and conduct underlying the Virginia convictions were sufficiently equivalent to the offenses set forth in 42 Pa. C.S. § 9799.14 to require imposition of mandatory sentences of life imprisonment on Counts 1 and 4.

The undersigned sentenced Defendant as follows:

| | |
|---|---|
| Count 1, Corruption of Minors (F3) | Life imprisonment |
| Count 2, Corruption of Minors (M1) | 18 months to 5 years' incarceration Consecutive to count 4 |
| Count 3, Indecent Exposure (M2) | 1 – 2 years' incarceration Concurrent with count 2 |
| Count 4, Unlawful Contact (F3) | Life imprisonment Consecutive to count 1 |

Defendant's aggregate sentence was two consecutive life sentences, followed by eighteen (18) months' to five (5) years' incarceration.

On July 10, 2014, Defendant filed a Post-Sentence Motion, in which he requested permission to file a Supplemental Post-Sentence Motion following receipt of the transcript of the June 30, 2014, Sentencing Hearing. The request was granted and Defendant's Supplemental Post-Sentence Motion was filed on July 25, 2014.[8] The Commonwealth filed its Response on October 20, 2014.

## DISCUSSION

Defendant contends that the sentences of life imprisonment were illegal and advances several different theories in support of his contention, one of which is that Defendant's previous convictions in the Commonwealth of Virginia were not equivalent to any Pennsylvania offenses

---

[8] Defendant's Supplemental Post-Sentence Motion included certain exhibits to which the Commonwealth objected – specifically, photocopies of Virginia statutes defining certain crimes, a criminal information and excerpt from a separate case in the Lancaster County Court of Common Pleas, and briefs submitted by both the Commonwealth and a defendant from yet another case in the Lancaster County Court of Common Pleas. Following an in-chambers conference with counsel, and in order to allow the matter to move forward and be decided within the 120 day deadline, *see* Pa. R. Crim. P. 720(B)(3), Defendant agreed to withdraw the exhibits and all references to them, and the court entered an Order to that effect on September 5, 2014. By the same Order striking the exhibits, the undersigned directed the Commonwealth to respond to Defendant's Supplemental Motion within 45 days.

subject to the mandatory sentencing provisions contained in 42 Pa. C.S. § 9795.1, as effective between May 1, 2009, and February 14, 2011, or contained in 42 Pa. C.S. § 9799.14, as effective December 20, 2012. The Commonwealth concedes that the offenses underlying the Virginia convictions are *not* equivalent to those which would trigger imposition of the mandatory sentence of life imprisonment under Pennsylvania law. Therefore, Defendant's sentence will be vacated and the court need not address the other bases for the claimed illegality of his sentence.

In addition to challenging his sentence, Defendant contends that the evidence presented at trial was insufficient to sustain his convictions on Counts 1, 3 and 4 of the Criminal Information.[9] Defendant argues that the evidence presented at trial was insufficient to sustain his conviction for indecent exposure (Count 3), therefore it follows that the evidence was insufficient to sustain his conviction for unlawful contact with a minor (Count 4), and therefore it further follows that the evidence was insufficient to sustain his conviction for the third-degree-felony-graded offense of corruption of minors (Count 1). If the convictions for the third-degree-felony-graded offense of corruption of minors and unlawful contact with a minor (Counts 1 and 4, respectively) are not valid, there was no legal basis for his assessment under 42 Pa. C.S. § 9799.24, or his classification as a sexually violent predator.

Because the domino effect of Defendant's claims are predicated upon his conviction of indecent exposure (Count 3), the court will address that charge first. The Crimes Code[10] defines the offense of indecent exposure as follows:

18 Pa. C.S. § 3127. Indecent exposure

(a) Offense defined.--A person commits indecent exposure if that person exposes

---

[9] Respectively, the third-degree-felony-graded offense of corruption of minors, indecent exposure, and unlawful contact with a minor.

[10] 18 Pa. C.S. § 101 *et seq.*

his or her genitals in any public place or in any place where there are present other persons under circumstances in which he or she knows or should know that this conduct is likely to offend, affront or alarm.

The court's instructions to the jury on this offense were consistent with the Crimes Code definition and were taken almost verbatim from the Pennsylvania Suggested Standard Jury Instructions (SSJI) for criminal charges:[11]

> The defendant has been charged with indecent exposure. To find the defendant guilty of this offense[,] you must find that each of the following elements has been proven beyond a reasonable doubt: First, that the defendant exposed his genitals; second, that the defendant did so in a place where another person or other persons were present, specifically alleged here at 644A Cambridge Road, Salisbury Township, Lancaster County; and third, that the defendant did so under circumstances in which he knew or should have known that his conduct was likely to offend, affront, or alarm. These elements make out the offense of indecent exposure. (N.T. Jury Trial, Volume II, January 31, 2014, p. 253:4-15.)

In meeting its burden of proof, it is sufficient for the Commonwealth to show that a defendant knew or should have known that his conduct is likely to cause affront or alarm. *Commonwealth v. Tiffany*, 926 A.2d 503, 511 (Pa. Super. 2007) (citing *Commonwealth v. King*, 434 A.2d 1294, 1299 (Pa. Super. 1981)).

In order to overturn a verdict for insufficiency of evidence, the trial court must determine "the evidence supporting the verdict to be so weak and inconclusive that a jury of reasonable persons would not have been satisfied as to the [defendant]'s guilt." *Commonwealth v. Bigelow*, 611 A.2d 301, 303 (Pa. Super. 1992) (citing *Commonwealth v. Blevins*, 309 A.2d 421, 425 (Pa. 1973). If the evidence is insufficient as a matter of law, the trial judge must sustain the post-trial motion and dismiss the charges. *Commonwealth v. Poindexter*, 399 A.2d 390, 391 (Pa. 1979). Review of a motion alleging insufficient evidence is limited to determining whether there was an absence of the quantum evidence necessary to establish the elements of the charged offense.

---

[11] *Pennsylvania Suggested Standard Criminal Jury Instructions*, Second Edition. SSJI (Crim.) 15.3127 (indecent exposure).

5

*Commonwealth v. Caterino*, 678 A.2d 389, 391 (Pa. Super. 1996); *Bigelow, supra*. The trial court must consider all of the evidence on the record, even if the evidence was not presented by the Commonwealth or was erroneously admitted and must view that evidence in the light most favorable to the Commonwealth. *Commonwealth v. Tabb*, 207 A.2d 884, 886 (Pa. 1965); *Commonwealth v. Downing*, 739 A.2d 169, 173 (Pa. Super. 1999).

The law is well-settled that the test for reviewing the sufficiency of evidence is whether, viewing the evidence in the light most favorable to the verdict winner, the fact-finder could reasonably have determined all the elements of the crime to have been established beyond a reasonable doubt. *Commonwealth v. Hopkins*, 747 A2d. 910, 914 (Pa. Super. 2000). The "well-settled" principles applicable to a sufficiency claim were recently acknowledged by the Pennsylvania Superior Court in *Commonwealth v. Kelly*, 2014 Pa. Super. 243, 2014 WL 5408185:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim[,] the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Kelly, supra.*, 2014 WL 5408185 *2-*3, citing *Commonwealth v. Widmer*, 560 Pa. 308, 744 A.2d 745, 751 (Pa.2000) (internal citations omitted).

In his Supplemental Post-Sentence Motion, Defendant alleges the following in support of his challenge to his conviction for indecent exposure:

> The evidence showed that [Defendant] exposed his penis to E.S. in the privacy of his bedroom, solely in the context of consensual sexual activity. E.S. was sixteen years old when his sexual contact with [Defendant] began, he consented to this sexual activity, and was old enough to consent to this sexual activity under the law. Thus, [Defendant] did not expose his penis under circumstances in which he knew or should have known that his conduct was likely to offend, affront or alarm.

[Defendant] exposed his penis to E.S. while teaching E.S. to masturbate, and while engaging in consensual oral and anal intercourse with E.S. E.S.'s participation in the aforementioned sexual activities was consensual.

Defendant's Supplemental Post-Sentence Motion, ¶ 8. The Commonwealth counters Defendant's assertions:

Defendant exposed his genitals to the victim, E.S. E.S. testified that seeing Defendant's penis was "scary" to him, and repeatedly stated "it didn't feel right. It was – it didn't seem right. It didn't feel right." [(N.T. Jury Trial, Volume I, January 30, 2014, pp. 99:24-25 – 100:1.)] It is clear that E.S. was offended, affronted and alarmed at the sight of Defendant's genitals. Defendant knew E.S. grew up on a farm, had never seen T.V. or movies, and knew nothing about sex. [[(N.T. Jury Trial, Volume I, January 30, 2014, pp. 94:7-9, 95:24-25 – 96:1-5, 96:21-25 – 97:1.)] Defendant should have known his conduct was likely to offend, affront or alarm E.S., which it clearly did based on E.S.'s testimony.

Commonwealth's response to Defendant's Supplemental Post-Sentence Motion, ¶ 5.

Defendant's characterization of E.S.'s participation in the sexual activities initiated by Defendant as "consensual" encroaches on the jury's prerogative to determine, based on all of the evidence presented, the nature of the relationship between Defendant and E.S.[12] In considering a sufficiency claim, the trial court must be mindful that the jury, as fact-finder, is responsible for resolving questions of credibility. *Commonwealth v. Blackham*, 909 A.2d 315, 319 (Pa. Super. 2006). As such, they are free to believe all, some, or none of the evidence presented, *id.; see also Champney*, 832 A.2d at 408; and the trial court may not to change the verdict because of a redetermination of credibility or reexamination of the evidence. *See, e.g., Bigelow*, 611 A.2d at 303.

In the instant case, the jury was able to view the demeanor and presentation of E.S., as well as his manner of testifying, in addition to considering the content of the testimony itself. Based

---

[12] As consent is not an element of the crime of indecent exposure, the court need not address whether a minor can legally consent to conduct or activities of a sexual nature which, whether voluntary or not, may still form the basis of criminal charges against the adult actor.

on the verdict, the jury was apparently satisfied that E.S. was the somewhat naïve, backward, immature, young man characterized by the Commonwealth, that Defendant's actions did affront, offend and alarm him, and that Defendant spent enough time with E.S. to know or have reason to know that the sexual activities Defendant initiated, including the displays of Defendant's genitalia, were disturbing and discomfiting to E.S. Far from being "so weak and inconclusive that a jury of reasonable persons would not have been satisfied as to the [defendant]'s guilt," *see Bigelow, supra..* at 303, the evidence here was more than ample to support the jury's verdict, and the verdict cannot be characterized as a "contradiction to the physical facts, in contravention to human experience and the laws of nature," *see Kelly, supra.,* *2.

Having concluded that Defendant's challenge to the sufficiency of the evidence to support his conviction of indecent exposure lacks merit, it follows that the evidence was sufficient to support his conviction on Count 4, unlawful contact with a minor. The Crimes Code defines that offense as follows:

18 Pa. C.S. § 6318. Unlawful contact with minor

(a) Offense defined.--A person commits an offense if he is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor, for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth:

(1) Any of the offenses enumerated in Chapter 31 [of the Crimes Code] (relating to sexual offenses).

It is undisputed that indecent exposure is an offense "enumerated in Chapter 31" of the Crimes Code, and there is no other challenge to the sufficiency of the evidence with respect to the other elements of this offense.

With respect to Defendant's claim as to Count 1, the third-degree-felony-graded offense of corruption of minors, the court observes, as did the Pennsylvania Superior Court in *Kelly, supra.,* that while Defendant's claim is couched as one of sufficiency of the evidence, "his sufficiency claim actually addresses the grading of the offense of corruption of minors rather than the offense itself . . . ." *Kelly*, 2014 WL 5408185 *2.

The Crimes Code defines the third-degree-felony-graded offense as follows:

18 Pa. C.S. §6301. Corruption of minors

(a) Offense defined.--

(1) ...

(ii) Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

As with the offense of unlawful contact with a minor, the predicate offense of indecent exposure is the relevant "violation of Chapter 31" of the Crimes Code and there is no other challenge to the sufficiency of the evidence with respect to the other elements of this offense. However, because the Superior Court has so recently had occasion to review the third-degree-felony-graded corruption of minors offense, the court believes it is appropriate to address this offense and Defendant's conviction *vis-à-vis* the holding in *Kelly, supra.*

The court's instructions to the jury on this offense were consistent with the Crimes Code definition and taken almost verbatim from the *Pennsylvania Suggested Standard Criminal Jury Instructions*:[13]

---

[13] SSJI (Crim.) 16.6301A (corruption of minor).

9

As charged in the first count . . . to find the defendant guilty of the offense of corruption of a minor, as charged in Count 1 of the charging document, you must find that each of the following four elements has been proven beyond a reasonable doubt: [F]irst, that the defendant was 18 years of age or older at the time of the incident giving rise to the charge; second, that [E.S.], the alleged victim, was under 18 years of age at that time; third, that the defendant: committed the offense of indecent exposure. . . .

To find the defendant guilty of corruption of minor as charged in Count 1, you must be satisfied beyond a reasonable doubt that the defendant committed the offense of indecent exposure. The fourth element of this offense, that the conduct alleged took place between December 7, 2010[,] and February 14, 2011. (N.T. Jury Trial, Volume II, January 31, 2014, pp. 251:19-25 and 252:1-12.)

Moreover, the instruction made clear to the jury the need for finding a "course of conduct" (as that element of the offense has now been explained by *Kelly*) by requiring the jury to find that conduct took place between the dates specified. This is consistent with the trial testimony, wherein E.S. testified to ongoing sexual contact, including conduct constituting the offense of indecent exposure, which took place on repeated occasions over the time period indicated. The court's inclusion of these dates on the verdict slip to help differentiate the corruption of minors offenses charged in Counts 1 and 2 further reinforced the necessity of finding a "course of conduct" as an element of the offense.

Satisfied as the court is that the evidence was sufficient to convict Defendant of indecent exposure (Count 3), it therefore follows that the evidence was sufficient to sustain his conviction for unlawful contact with a minor (Count 4), and it therefore further follows that the evidence was sufficient to sustain his conviction for the third-degree-felony-graded offense of corruption of minors (Count 1). The convictions for the third-degree-felony-graded offense of corruption of minors and unlawful contact with a minor (Counts 1 and 4, respectively) being valid, the court was

# IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
## CRIMINAL

COMMONWEALTH OF PENNSYLVANIA : 
: 
vs. : No. 3170-2012
: 
RICHARD EUGENE LAWRENCE :

## ORDER

**AND NOW**, this 5th day of November, 2014, upon consideration of Post-Sentence and Supplemental Post-Sentence Motions, the Motions are **GRANED IN PART** and **DENIED IN PART**, consistent with the foregoing Opinion.

The sentences imposed on Defendant on June 30, 2014, are hereby **VACATED**. The court will enter a separate Order for the purpose of scheduling a resentencing hearing.

ATTEST:

BY THE COURT:

_Margaret Miller_
**MARGARET C. MILLER**
**JUDGE**

I certify this document to be filed in the Lancaster County Office of the Clerk of the Courts.

Joshua G. Parsons
Clerk of the Courts

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Copies to: James M. Reeder, Esquire – Office of the District Attorney
Mary Jean Glick, Esquire – Office of the Public Defender

correct in ordering Defendant's assessment under 42 Pa. C.S. § 9799.24, and, following the

hearing, classifying him as a sexually violent predator.[14]

Accordingly, the court enters the following:

---

[14] Beyond challenging the predicate convictions on Counts 1 and 4, Defendant's Post-Sentence and Supplemental Post-Sentence Motions do not specifically challenge the SVP Hearing or the court's findings and conclusions in support of its determination that Defendant satisfies the statutory criteria to be classified as a sexually violent predator under 42 Pa. C.S. § 9799.24.

## IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
### CRIMINAL

COMMONWEALTH OF PENNSYLVANIA      :

               vs.                      :      No.    3170-2012

RICHARD EUGENE LAWRENCE      :

### OPINION

By: MILLER, J.
April 20, 2015

Before the court is the Post-Sentence Motion filed by Defendant Richard Lawrence following his re-sentencing hearing on January 22, 2015. For the reasons that follow, the Motion is denied.

### BACKGROUND

Defendant was charged with, and following a jury trial, convicted of, two counts of corruption of minors, indecent exposure, and unlawful contact with a minor.[1] The charges arose from accusations of sexual contact with E.S., a 16-year-old male,[2] beginning in May 2009, and continuing through at least February 15, 2011, when E.S. turned 18 years of age. Following Defendant's conviction on January 31, 2014, the court ordered the required assessment by the Sexual Offenders Assessment Board pursuant to section 9799.24 of the Judicial Code,[3] as the

---

[1] 18 Pa. C.S. § 6301(a)(1)(ii), a felony of the third degree (Count 1); 18 Pa. C.S. § 6301(a)(1)(i), a misdemeanor of the first degree (Count 2); 18 Pa. C.S. § 3127(a), a misdemeanor of the second degree (Count 3); and 18 Pa. C.S. § 6318(a)(1), a felony of the third degree (Count 4).

[2] E.S.'s date of birth was February 15, 1993; Defendant's date of birth was June 17, 1955.

[3] 42 Pa. C.S. § 101 et seq., 42 Pa. C.S.A. § 9799.24.

convictions on Counts 1 and 4 (corruption of minors and unlawful contact with a minor, respectively, both felonies of the third degree) were sexually violent offenses, *see* 42 Pa. C.S. §§ 9799.12 and 9799.14. The court also ordered a presentence investigation.

A hearing pursuant to 42 Pa. C.S. § 9799.24(e) (SVP Hearing) was conducted on June 30, 2014, following which the court determined that Defendant met the statutory criteria to be classified as a sexually violent predator. Immediately following the SVP Hearing, Defendant stood for sentencing. As to Counts 1 and 4, the Commonwealth invoked the provisions of 42 Pa. C.S. § 9718.2(a)(2), calling for mandatory life sentences for certain sexual offenders, and provided to the court the records of six prior convictions of Defendant from the Commonwealth of Virginia, which it alleged were for offenses equivalent to those set forth in 42 Pa. C.S. § 9799.14. The court agreed and sentenced Defendant to consecutive terms of Life imprisonment on Counts 1 and 4, 18 months to five years' incarceration on Count 2 and one to two years' incarceration on Count 3. The sentence on Count 2 was made consecutive to the life sentence on Count 4; the sentence on Count 3 was made concurrent with the sentence on Count 2. Defendant's aggregate sentence was two consecutive life sentences, followed by eighteen (18) months' to five (5) years' incarceration.

Defendant timely filed Post-Sentence and Supplemental Post-Sentence Motions, contending, *inter alia*, that the sentences of life imprisonment were illegal.[4] The Commonwealth conceded that the offenses underlying the Virginia convictions were *not* equivalent to those which would trigger imposition of the mandatory sentence of life imprisonment under Pennsylvania law. By Order of November 5, 2014, this court vacated the sentences imposed on June 30, 2014.

---

[4] In addition to challenging his life sentences, Defendant contended that the evidence presented at trial was insufficient to sustain his convictions on Counts 1, 3 and 4 of the Criminal Information, and challenged the grading of the Count 1 corruption of minors charge as a felony of the third degree. The court found no merit in these claims and denied relief. The issues raised in Defendant's initial Post-Sentence and Supplemental Post-Sentence Motions are addressed in full in this court's Opinion of November 5, 2014.

2

Having vacated Defendant's sentences, the court held a re-sentencing hearing, at which time the court concluded that the previously calculated prior record score (PRS) ascribed to Defendant was incorrect, resulting in a change in the Sentencing Guidelines applicable to the calculation of Defendant's minimum sentences for the various offenses. Concluding that Defendant's PRS was 1, the Guidelines indicated the following standard minimum incarceration sentence ranges for the offenses of which Defendant was convicted, as well as the number of months to be added or subtracted for aggravating or mitigating circumstances:

| Count 1 | Corruption of Minors (F3) | 1 month – 12 months | +/- 3 months |
| Count 2 | Corruption of Minors (M1) | 1 month – 12 months | +/- 3 months |
| Count 3 | Indecent Exposure (M2) | RS – 6 months | +/- 3 months |
| Count 4 | Unlawful Contact (F3) | 6 months – 14 months | +/- 6 months |

At the January 22, 2015, re-sentencing hearing, the court imposed the following sentences of incarceration:

| Count 1 | Corruption of Minors (F3) | 3 ½ - 7 years' incarceration |
| Count 2 | Corruption of Minors (M1) | 2 ½ - 5 years' incarceration |
| Count 3 | Indecent Exposure (M2) | 1 – 2 years' incarceration |
| Count 4 | Unlawful Contact (F3) | 3 ½ - 7 years' incarceration |

The sentences on each count were made consecutive to one another, resulting in an aggregate sentence of 10 ½ - 21 years' incarceration. The court concluded, and defense counsel agreed, that Defendant was not eligible for reduction of his minimum sentences under the Recidivism Risk Reduction Incentive (RRRI) program[5] and the Commonwealth did not waive Defendant's RRRI ineligibility.

On February 2, 2015, Defendant timely filed the instant Post-Sentence Motion, alleging that: (1) the sentences imposed by the court at the January 22, 2015, re-sentencing hearing were unreasonable in that the minimum sentences deviated from the Sentencing Guidelines by

---

[5] 61 Pa. C.S. Chapter 45, 61 Pa. C.S. § 4501 *et seq.*

exceeding the aggravated range, the maximum sentences were imposed at the statutory limit, and the sentences were made consecutive to one another; (2) the court failed to state on the record adequate bases for deviating from the Guidelines, imposing the statutory limits, or making the sentences consecutive; and (3) the court failed to consider the positive aspects of Defendant's life, his statements of remorse, and his amenability to rehabilitation.

## DISCUSSION

It is well established that sentencing is a matter vested in the sentencing court's discretion. A sentencing court is vested with broad discretion in determining a defendant's sentence, as it is in the best position to view the defendant's character, displays of remorse, defiance, or indifference, and the overall effect and nature of the crime. *Commonwealth v. Begley*, 780 A.2d 605, 643 (Pa. 2001). A sentence will not be disturbed absent a manifest abuse of discretion. *Commonwealth v. Cunningham*, 805 A.2d 566, 575 (Pa. Super. 2002); *accord Commonwealth v. Ritchie*, 779 A.2d 1183 (Pa. Super. 2001). A manifest abuse of discretion occurs where the judgment imposed was manifestly unreasonable or the result of partiality, prejudice, bias, or ill will. *Cunningham* at 575.

Under the Sentencing Code,[6] the court must select a sentencing option, be it probation, guilt without further penalty, partial confinement, or total confinement, and in doing so must be guided by the statutory standard which requires that the sentence imposed be consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. 42 Pa. C.S. § 9721(b). *See also Commonwealth v. Walls*, 926 A.2d 957 (Pa. 2007). In fashioning its sentence, the undersigned was guided by these standards and also the *Walls* court's review of sentencing considerations,

---

[6] 42 Pa. C.S. § 9701 *et seq.*

4

including its discussion of the Sentencing Guidelines established by the Pennsylvania Commission on Sentencing.

While the Sentencing Guidelines are a valuable starting point to be considered, they are but one factor among many that a court must consider. *Commonwealth v. Sheller*, 961 A2.d 187, 190 (Pa. Super. 2008). The Guidelines are not binding, they create no presumptions in sentencing and are "advisory guideposts," which "recommend . . . rather than require a particular sentence." *Walls* at 963. Neither the Guidelines nor the Sentencing Code require that the court impose the minimum possible confinement. *Id.* A court may depart from the Guidelines when necessary to fashion a sentence "which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community." *Sheller* at 190. When the sentencing court deviates from the Guidelines, choosing (as in this instance) to sentence a defendant above the aggravated range, it must also provide a statement of its reason or reasons for deviating from the guidelines. *Commonwealth v. Guth*, 735 A.2d 709, 711 (Pa. Super. 1999).

In determining the reasonableness of a minimum sentence which falls outside the standard range of the sentencing guidelines, or of the aggregate sentence generally, a reviewing court will consider: (1) the "nature and circumstance of the offense and the history and characteristics of the defendant, (2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation, (3) the findings upon which the sentence was based, and (4) the [Sentencing G]uidelines promulgated by the [Pennsylvania Commission on Sentencing]." *Sheller* at 190-191. Unless a sentence exceeds the statutory maximum, or is so excessive as to constitute a manifest abuse of discretion, a trial court's sentence will not be disturbed. *See Commonwealth v. Plank*, 445 A.2d 491 (Pa. 1982).

The essential gravamen of each contention of Defendant's Post-Sentence Motion is that the court abused its discretion in imposing the sentences it did. An abuse of discretion is "not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record." *Commonwealth v. Stollar*, 84 A.3d 635, 650 (Pa. 2014) (citing *Commonwealth v. Chambers*, 685 A.2d 96, 104 (Pa. 1996)). The record clearly shows the undersigned's application of the required sentencing considerations to Defendant's circumstances and its detailed explanation of its underlying reasoning.

As to the consecutive rather than concurrent nature of the sentences, the Superior Court of Pennsylvania has recently had occasion to reaffirm the well-established standard for such a determination:

> We have stated that the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court. *Commonwealth v. Lloyd*, 878 A.2d 867, 873 (Pa. Super. 2005) (citing *Commonwealth v. Hoag*, 445 Pa. Super. 455, 665 A.2d 1212, 1214 (1995)). Long standing precedent of this Court recognizes that 42 Pa. C.S.A. § 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. *Commonwealth v. Marts*, 889 A.2d 608, 612 (Pa. Super. 2005) (citing *Commonwealth v. Graham*, 541 Pa. 173, 661 A.2d 1367, 1373 (1995)).

*Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super 2014), *citing Commonwealth v. Johnson*, 961 A.2d 877, 880 (Pa. Super. 2008) (citations modified).

When fashioning Defendant's sentence, this court took into account numerous considerations comprising the totality of the circumstances surrounding Defendant and his crimes, including those enunciated in 42 Pa. C.S. § 9271(b) (i.e. requiring consideration of the general public and its safety, the gravity of the offense, and Defendant's rehabilitative needs), as well as

the information contained in the Presentence Investigation Report.[7] These considerations included Defendant's comments at the re-sentencing hearing (contrary to Defendant's assertion to the contrary) and the effect of the crimes and the manner in which they were perpetrated on the victim, E.S. These are fair matters for the court's consideration when it fashions a sentence. *See Zirkle* at 133: ". . . Zirkle argued that the court was unduly influenced by the victims' statements. However, we have held that a claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question." (Citations omitted); *and see id.*, n.1.

At trial, the court, as well as the jury, was able to view the demeanor and presentation of E.S., as well as his manner of testifying, in addition to considering the content of the testimony itself. The court's conclusion, and apparently the jury's, too, based upon the verdict, is that E.S. was the somewhat naïve, backward, immature, young man characterized by the Commonwealth. As the court noted in its Opinion of November 5, 2014, in discussing the sufficiency of evidence to support the jury's verdict on the indecent assault charge, "Defendant's actions *did* affront, offend and alarm [E.S.], and . . . Defendant spent enough time with E.S. to know or have reason to know that the sexual activities Defendant initiated, including the displays of Defendant's genitalia, *were* disturbing and discomfiting to E.S." *Commonwealth v. Lawrence*, CP-36-CR-3170-2014, November 5, 2014, Opinion, pp. 7-8 (CCP Lancaster County) (emphasis added). Considerations such as these play a part in the sentencing court's determination of the "nature and circumstance of the offense and the history and characteristics of the defendant." *See Sheller, supra.*

---

[7] "Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating [or aggravating] statutory factors." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). The presumption is satisfied where the sentencing judge indicates that it has been informed by the pre-sentence report. *Commonwealth v. Egan*, 679 A.2d 237, 239 (Pa. Super. 1996).

Defendant's contentions that the court failed to state adequate bases for its sentence and failed to consider the positive aspects of Defendant's life, his statements of remorse, and his amenability to rehabilitation are belied by the court's remarks when sentence was imposed:

> Certainly, having been the presiding judge at trial, I am very familiar with the testimony, having had now numerous opportunities at different stages to view the trial transcripts. It has kept it relatively fresh in my mind. And in preparation for ruling on the post-sentence motions, the Court had further opportunity to review the SVP testimony and report of Dr. Stein, and I looked at all of that in preparation for today's re-sentencing hearing.
>
> Knowing that, short of all of the other legal issues that may be surrounding this case, what is most important here is that the criminal justice system respond based on the jury's convictions of the crimes charged and that the system do so in accordance with the law and based on the factors that the sentencing code requires me, as the sentencing judge, to consider.
>
> Those factors, Mr. Lawrence, do not really have anything to do with any epiphany of your personal spiritual state at any given time, because what you need to understand is the criminal justice system seeks to protect those who are vulnerable from those who would commit crimes against them. And an individual's spiritual state of mind is personal to that individual. The Court cannot see into a man's heart or soul, or they shouldn't sentence on that basis, but should sentence based on the objective conduct and the objective factors. Those factors are the significance of the crime on the life of the victim, and as it affects the community in general.
>
> Those factors include your prospects for rehabilitation, and also the extent to which you acknowledge or take responsibility for your role in bringing the circumstances to fruition or into being. I am required here to think back on the victim's testimony. I dislike the word victim, but the language is limiting, and what still sticks out to me the most is the naive, youthful, uncertain young man who was groomed, intimidated, and he was groomed by you and intimidated by you.
>
> You didn't have to do any of this. You never had to lay a finger on him. He never asked you to lay a finger on him. And you knew it was wrong. And I know you knew it was wrong because you said to him, I can't get in trouble unless you testify. And you did, based on the testimony, take active or make active attempts at creating an atmosphere that would, if not outright scare, at least intimidate or discourage the young man from disclosing or ending it. And that's on you. That's all on you. It's your responsibility, you brought all of that to bear. And you need to be answerable for that because, based on your history, I know that you know that certain forms of conduct with a minor are illegal.

You've been convicted of certain forms of sexual conduct with a minor, and they were illegal, and notwithstanding whether your sodomy convictions are constitutional or unconstitutional, whether they are legal conduct in the secular and against the law of God, has no bearing at all on what's before me today. Because this is not about equally-placed individuals engaging in consensual conduct. It is an individual who, frankly, targeted a victim, groomed that victim, predated that victim, brought him along, scared him into continuing conduct that made him uncomfortable and exposed him to criminal activity. Plain and simple.

The ultimate morality of it is not for me to say. If an individual's orientation wants to go one way or another with a consenting adult is not the question in front of me. So many of the things that you had to say in your statement, while you may need to in your personal rehabilitation subscribe to certain beliefs and find your way through by reconnecting with certain Biblical precepts, that's between you and God; that's not between the Court and you.

I see an individual who, notwithstanding everything you said today, basically is mostly sorry that it had to turn out this way, only because it's wrong, criminally wrong. Morally wrong, that's another question. It's not for me. You are sorry it's criminally wrong and it ended you up in court.

I have to be mindful of the nature of your prior offenses and the fact that I was satisfied, based on Dr. Stein's opinion, that you are an individual who satisfies the statutory definition of a sexually violent predator, and my sentence needs to reflect that, because ultimately, I am required to protect, and the protection of the community sometimes does require this Court to deviate from the sentencing guidelines. They are, it is true, as a matter of law, a starting point, and they are not an ending point, particularly, where I believe, as it is in this case here, the conduct, that when one is not adequately controlled by a sentence that is even in the aggravated range, I think your propensity for re-offense is high. I think the matter in which you relate the matter to yourself is more indicative of one who, how shall I say, regrets that he enjoys his weakness so much.

With that in mind, and having given a great deal of thought to this, I am deviating from the sentencing guidelines for the reasons stated. I do not believe that the guidelines even in the aggravated range adequately protect the community, nor do they adequately reflect the degree of culpability of Mr. Lawrence in his conduct as to this victim over the periods of time that were found to have occurred. And also I need to think of the vindication of the victim and his right to justice, where an individual has preyed upon him. (N.T. Re-sentencing Hearing, January 22, 2015, pp. 48:3-52:10.)

The court is satisfied that Defendant's sentence accords with the law and fairly reflects the nature and circumstances of Defendant's crimes, their effect on the victim, and Defendant's

culpability in light of his actions toward E.S. before and after his sexual encounters with E.S.

Accordingly, the court enters the following:

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA     :
                                 :
            vs.                  :     No.     3170-2012
                                 :
RICHARD EUGENE LAWRENCE          :

## ORDER

AND NOW, this 20th day of April, 2015, upon consideration of the Post-Sentence Motion

filed on behalf of Defendant Richard Lawrence, the Motion is **DENIED**, consistent with the

foregoing Opinion.

ATTEST:                                    **BY THE COURT:**


I certify this document to be filed
in the Lancaster County Office of          _____
the Clerk of the Courts.                   **MARGARET C. MILLER**
                                           **JUDGE**

            Joshua G. Parsons
            Clerk of the Courts

*************************************************************************
Copies to:    Jennifer L. Ponessa-Hundley, Esquire – Office of the District Attorney
              Mary Jean Glick, Esquire – Office of the Public Defender